IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-02145-CMA-KLM

WELL MASTER CORPORATION,

    Plaintiff,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC,

    Defendant.

**ORDER AFFIRMING IN PART AND REJECTING IN PART
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND
GRANTING DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REVIEW**

This matter is before the Court on Defendant Flowco Production Solution, LLC's Motion to Stay Pending *Inter Partes* Review of the Asserted Claims ("Motion to Stay"). (Doc. # 83) and the July 27, 2022 Recommendation of United States Magistrate Judge (Doc. # 79), wherein Judge Kristen L. Mix recommends this Court grant in part and deny in part Defendant's partial Motion to Dismiss (Doc. # 21). For the following reasons, the affirms in part and rejects in part the Recommendation and grants the Motion to Stay.

## I.    BACKGROUND

This is a patent infringement case. Plaintiff Well Master Corporation initiated this action on August 9, 2021, alleging that Defendant sold plunger lift devices that infringe on three of Plaintiff's patents for plunger lift systems used in oil and gas wells. (Doc. # 20 at ¶¶ 1, 22–34.) In its Amended Complaint, Plaintiff asserts three claims for

infringement of U.S. Patent No. 8,627,892 ("'892 Patent"); U.S Patent No. 7,395,865 ("'865 Patent"); and U.S Patent No. 7,793,728 ("'728 Patent"). (Doc. # 20 at ¶¶ 40–60.) In addition, Plaintiff alleges that Defendant's infringement was and continues to be willful. (*Id.* at ¶¶ 46, 53, 60.) Plaintiff seeks an injunction, declaratory relief, damages pursuant to 35 U.S.C. § 284, pre- and post-judgment interest and costs, and attorney's fees pursuant to 35 U.S.C. § 285. (Doc. # 20 at 12–13.)

On October 22, 2021, Defendant filed a partial Motion to Dismiss (Doc. # 21), which the Court referred to United States Magistrate Judge Kristen L. Mix (Doc. # 22). Defendant moves to dismiss (1) Plaintiff's willfulness claims for failure to state a claim for which relief can be granted and (2) Plaintiff's claim for infringement of the '865 Patent on the basis that the patent claims an abstract idea without an inventive step and is invalid as patent-ineligible. (Doc. # 21.) Judge Mix issued her Recommendation on July 27, 2022 (Doc. # 79). Therein, she recommends granting the Motion to Dismiss with respect to the invalidity of Claim 12 of the '865 Patent and denying the Motion as to the validity of all other claims of the '865 Patent and as to Plaintiff's willfulness claims. She also recommends that the Court find that Defendant did not comply with Section 7.1D(a) of this Court's Practice Standards. Both parties timely filed objections to portions of the Recommendation. (Doc. ## 81, 82.)

On August 9, 2022, Defendant filed petitions for *inter partes* review ("IPR") of Plaintiff's three patents with the United States Patent and Trademark Office ("PTO"), Patent Trial and Appeal Board ("PTAB"). (Doc. # 83-1 at 2–3.) Defendant filed the instant Motion to Stay this case pending IPR proceedings on August 19, 2022, before

2

the parties filed their respective responses to the objections to the pending Recommendation. (Doc. # 83.) Plaintiff opposes the Motion to Stay. (Doc. # 95.)

The Court has thoroughly considered the Recommendation, the Motion to Dismiss, the Motion to Stay, all applicable briefing, and other relevant portions of the case file. For the following reasons, the Court determines that a stay is warranted, that the Recommendation should be affirmed in part and rejected in part, and that Defendant's Motion to Dismiss should be denied. The Court will first address the Recommendation.

II.     **RECOMMENDATION ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

A.     **LEGAL STANDARD**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

**B.      DISCUSSION**

The Recommendation addresses three issues: (1) whether Plaintiff's willfulness claims should be dismissed for failure to state a claim; (2) whether Plaintiff's claim for infringement of the '865 Patent should be dismissed on the basis of invalidity; and (3) whether Defendant failed to comply with the Court's practice standards for conferral. The Court addresses each in turn.

1.      Willfulness Claims

As an initial matter, the Court notes that no party has objected to the portion of the Recommendation wherein Judge Mix recommends denying Defendant's Motion to Dismiss as to Plaintiff's willfulness claims. In so recommending, Judge Mix determined that the Amended Complaint contains sufficient allegations to plausibly state claims for willful infringement. (Doc. # 97 at 11–14.)

The Court has reviewed the relevant pleadings concerning the willfulness claims as well as the Recommendation. Based on this review, the Court concludes that Judge Mix's thorough and comprehensive analyses and recommendations are correct, and there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(a); *Summers*, 927 F.2d at 1167. Therefore, the Court affirms and adopts the applicable portions of the Recommendation and denies Defendant's partial Motion to Dismiss (Doc. # 21) with respect to Plaintiff's willfulness claims.

2.      Claim for Infringement of the '865 Patent

Defendant moves to dismiss the '865 Patent on the basis that it is invalid because: (1) Claim 12 is representative of the '865 Patent and can thus be analyzed to

4

determine if the entire '865 Patent is invalid; (2) Claim 12 is directed to an abstract idea; and (3) Claim 12 does not recite an 'inventive concept.' (Doc. # 21 at 8, 10–15.) Judge Mix agreed with Defendants that Claim 12 was invalid and thus recommends granting the Motion to Dismiss with respect to Claim 12 of the '865 Patent. (Doc. # 97 at 26.) However, Judge Mix found that Claim 12 was not representative of all other claims of the '865 Patent and therefore recommends denying the Motion to Dismiss as to the remaining claims. (*Id.*)

Both parties filed objections to Judge Mix's analysis and recommendations regarding the '865 Patent. Defendant objects to Judge Mix's Recommendation that the Motion to Dismiss be denied with respect to the validity of all other claims in the '865 Patent apart from Claim 12. (Doc. # 81 at 3.) Plaintiff, on the other hand, objects to Judge Mix's determination that Claim 12 of the '865 Patent is patent-ineligible and her recommendation that the Motion to Dismiss therefore be granted as to Claim 12. The parties' timely and specific objections are sufficient to trigger *de novo* review. Fed. R. Civ. P. 72(b)(3).

Although the Court is mindful of the time and effort that the parties and Judge Mix have expended on the issue of the validity of the '865 Patent, the Court is also aware that Defendant has now filed a petition for *inter partes* review of Claims 1 through 17 of the '865 Patent with the PTO. (Doc. # 83-1 at 1–2.) If the PTO institutes *inter partes* review, the PTAB will evaluate those claims and issue a final written decision as to the validity of the '865 Patent. In light of the potential IPR proceedings, as discussed more thoroughly below in the portion of this Order addressing Defendant's Motion to Stay, the

5

Court determines that the best course of action is to reject the related portion of Judge Mix's recommendation and deny without prejudice Defendant's Motion to Dismiss as to the infringement claim of the '865 Patent. If Defendant's petition for IPR is denied, Defendant may refile its Motion to Dismiss.

3.  Noncompliance with Practice Standards

In Plaintiff's response to the Motion to Dismiss, Plaintiff argued that Defendant failed to comply with this Court's requirement that the parties confer and attempt to stipulate to amendments prior to filing a motion under Fed. R. Civ. P. 12(b). *See* CMA Civ. Practice Standard 7.1D(a) ("Counsel should confer prior to the filing of the [12(b)] motion to determine whether the deficiency can be corrected by amendment . . . and should exercise their best efforts to stipulate to appropriate amendments."). Specifically, Plaintiff argues that although Defendant conferred regarding deficiencies in the original Complaint, Defendant failed to confer anew regarding deficiencies in the *Amended* Complaint. Accordingly, Plaintiff requested attorney fees and costs. Judge Mix recommends that this Court find that Defendant failed to comply with Section 7.1D(a); however, Judge Mix deferred Plaintiff's request for an award of attorney fees and costs to the Court. (Doc. # 79 at 9.) Defendant objects to this portion of the Recommendation and apologizes for any error or misunderstanding that may have occurred regarding conferral. (Doc. # 81 at 7–10.) Specifically, Defendant contends that it had already made Plaintiff aware of the grounds for its Motion to Dismiss during conferral regarding the original Complaint and, because Plaintiff did not make amendments to address

6

those deficiencies, Defendant presumed the parties were at an impasse on those issues and a 12(b) motion was therefore appropriate.

The Court has thoroughly reviewed the matter and affirms Judge Mix's finding that Defendant failed to comply with this Court's practice standards by not conferring for a second time regarding deficiencies in the Amended Complaint. However, based on all of the circumstances, the Court finds that Defendant's failure to confer is not significantly severe so as to warrant an award of attorney fees and costs. Defendant is cautioned to carefully read and adhere to this Court's practice standards for future proceedings.

For the foregoing reasons, the Court affirms in part and rejects in part the Recommendation. Defendant's Motion to Dismiss is denied as to Plaintiff's willful infringement claims and denied without prejudice as to invalidity of the '865 Patent, subject to potential IPR proceedings.

### III. MOTION TO STAY

Next, the Court will address Defendant's Motion to Stay this action pending IPR proceedings. (Doc. # 83.) Plaintiff opposes the Motion and, in the alternative, requests an exception to the stay to permit certain discovery. (Doc. # 95.)

**A.  LEGAL STANDARDS**

   1.  The Court's Power to Stay Proceedings

Courts have inherent power to stay proceedings to manage their dockets. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants."). In determining whether to stay a patent case on the basis of IPR, courts consider:

> (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007). No one factor is determinative, and the Court considers the totality of the circumstances. *Cellect LLC v. Samsung Electronics Co., Ltd.*, No. 19-cv-00438-CMA-MEH, 2020 WL 3425166, at *2 (D. Colo. June 23, 2020).

    2.    <u>*Inter Partes* Review</u>

IPR is an adversarial process created by the Leahy-Smith America Invents Act ("AIA"). 35 U.S.C. § 100 *et seq*. One of Congress's goals in enacting the AIA was to reduce the burden of litigation on courts.[1] IPR is considered to be at least a partial and, in some situations, a complete alternative to litigation of patent validity issues. *See SAS Inst., Inc. v. ComplementSoft, LLC.*, 825 F.3d 1341, 1354 (Fed. Cir. 2016) (Newman, J., dissenting) ("The AIA proceeding is structured as a complete alternative to litigation of these issues.").

IPR is conducted by administrative patent judges within the PTAB of the PTO who are "of competent legal knowledge and scientific ability." 35 U.S.C. § 6. As such,

---

[1] *See* H.R. Rep. No. 112-98, pt. 1, at 40 (2011) ("The legislation is designed to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs."); *see also* 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (Sen. Schumer commenting that "[l]itigation over invalid patents places a substantial burden on U.S. courts and the U.S. economy.").

these experts within the PTO are more likely to come to correct decisions regarding the validity of patent claims faster than would be achieved via litigation in district court. *See SAS Inst.*, 825 F.3d at 1354 (Newman, J., dissenting) ("Congress designed the AIA to achieve expeditious and economical final resolution."); *see also* 157 Cong. Rec. S1352 (daily ed. Mar. 8, 2011) (Sen. Udall commenting that "a panel of experts is more likely to reach the correct decision on a technical question compared to a jury composed of laypeople.").

IPR allows any third-party to challenge the validity of issued patents at the PTAB. 35 U.S.C. § 311 (a)–(b). An IPR petition must be filed within one year of the initiation of litigation alleging infringement of the claims sought to be challenged for validity. 35 U.S.C. § 315(b). Once a petition for IPR is filed, the patent owner can respond within three months, justifying why review of the contested claims should not be instituted. 37 C.F.R. § 42.107(b); 35 U.S.C. § 313. The PTAB typically decides whether to institute IPR by the later of three months of the filing date of the patent owner's response or the due date for such a filing. *See Kamstrup A/S v. Axioma Metering AUB*, No. 19-cv-1669-WJM-SKC, 2019 WL 6296699, at *1 (D. Colo. Nov. 25, 2019). The PTAB institutes IPR if "there is a reasonable likelihood that at least one of the claims challenged in the petition is unpatentable." 37 C.F.R. § 42.108(c).

Once IPR is instituted, the PTAB evaluates the contested claims for patentability in light of prior art in the form of patents or printed publications. 35 U.S.C. § 311(b). The petitioner bears the burden of proving, by a preponderance of the evidence, that claims are unpatentable. 35 U.S.C. § 316(e). The PTAB then renders a final written decision on

the patentability of the contested claims within one year from the date IPR is instituted, although an extension of six months for good cause is allowed. 37 C.F.R. § 42.100(c). In the final decision, the PTAB may cancel claims because they are unpatentable. *See* 35 U.S.C. §§ 102–03. Parties may also settle any issue; however, this does not preclude the PTAB from continuing to issue a final decision regarding patentability. 37 C.F.R. § 42.74. Any party not satisfied with the final decision of the PTAB may request a rehearing or appeal the decision to the Federal Circuit. 35 U.S.C. § 141(c). Following a written decision by the PTAB, both the petitioner and any other real party-in-interest are estopped from asserting in a civil action that a claim is invalid on any ground that the petitioner raised or reasonably could have raised during IPR. 35 U.S.C. § 315(e).

**B.   DISCUSSION**

When deciding whether to grant a stay when an IPR petition is pending, the Court analyzes the *eSoft* factors in light of the specific procedural posture of the case.

1. <u>Whether a Stay Will Simplify and Streamline Trial and Reduce Burden of Litigation</u>

The Court first considers the first and fourth factors: whether a stay will "simplify the issues in question and streamline the trial" and whether it "will reduce the burden of litigation on the parties and on the court." *eSoft*, 505 F. Supp. 2d at 787; *see Kamstrup A/S*, 2019 WL 6296699, at *2 (noting that courts often consider factors one and four of the stay considerations together). When weighing these factors, the Court evaluates "(1) the role of the PTO's expertise in determining claim validity and the assistance such determination will assist the Court in its own analysis and (2) whether 'claims, arguments and defenses can be narrowed or entirely disposed of.'" *Cellect*, 2020 WL

3425166, at *4 (quoting *Broad. Innovation, L.L.C. v. Charter Commc'ns, Inc.*, No. 03-CV-2233-ABJ-BNB, 2006 WL 1897165, at *5 (D. Colo. July 11, 2006)).

Upon reviewing the Motion to Stay and the case file, the Court finds that IPR proceedings, if instituted, would simplify the issues and reduce the burden of litigation in this case. Plaintiff has asserted 35 separate claims of infringement, and Defendant contends that each claim is invalid. *See* (Doc. # 73-1.) The invalidity contentions are apparently based on a half dozen or more issued patents. (Doc. # 83 at 8.) Defendant has submitted all 35 claims for IPR in order for the PTAB to address their validity. (*Id.* at 13.) If the PTAB were to find that any of the 35 claims are invalid, it would simplify the issues before this court and affect the claim construction process, which has just begun. *See* (Doc. # 94); *Cellect*, 2020 WL 3425166, at *5 ("If . . . some of the Asserted Claims are cancelled or the examination results in the narrowing of the claim scope, then the scope of the litigation is similarly narrowed."); *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 19 CIV. 8815 KMW HBP, 2000 WL 1134471, at *3 (S.D.N.Y. Aug. 10, 2000) ("[I]f the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims."). Moreover, if the PTAB grants the IPR petition, the Court will gain valuable expert insight as to the issues underlying claim validity for any claims that proceed in this litigation. *See eSoft*, 505 F. Supp. at 787 ("[T]he specialized expertise the PTO can bring to bear on the question whether prior art undermines the validity of

the patent's claims would unquestionably help this court resolve Plaintiff's case expeditiously, efficiently, and—most importantly—correctly.").

The Court is also mindful that several pending motions may be mooted as a result of a final written decision by the PTAB if IPR is instituted, including Defendant's Motion to Compel Supplemental Infringement Contentions (Doc. # 44); Plaintiff's Motion for Leave to File a Supplemental Response to Defendant's Motion to Compel Supplemental Infringement Contentions (Doc. # 71); and Plaintiff's Motion to Strike Defendant's Non-Compliant Initial Invalidity Contentions (Doc. # 73). Moreover, claim construction has just begun, with 33 terms submitted for construction. (Doc. # 80). A final written decision by the PTAB after IPR could significantly reduce the burden on the parties and on the Court with respect to all of these pending matters.

Plaintiff argues that a request for a stay is premature because the PTO has not yet determined whether to institute IPR proceedings. (Doc. # 95 at 4.) However, other courts in this district, including this Court, have granted motions to stay with the same procedural posture. *See Kamstrup A/S*, 2019 WL 6296699, at *3 (granting motion to stay pending a decision from the PTAB whether to institute IPR); *see also Cocona, Inc. v. VF Outdoor, LLC*, No. 16-cv-02703-CMA-MLC, 2018 WL 10910847, at *9 (D. Colo. Mar. 19, 2018) (granting partial stay pending the PTAB's decision whether to institute IPR). If the PTAB denies Defendant's petitions for IPR, this case will be stayed, at most, for only five months. *See Kamstrup A/S*, 2019 WL 6296699, at *2 (observing that if the PTAB denies the petition, the litigation would "go forward as normal with only a few months lost"). If the PTAB agrees to institute IPR, the benefits of receiving a final

decision will "greatly outweigh the potential benefits of going forward as normal in this case (including all the procedures necessary to evaluate and adjudicate the same invalidity arguments that [Defendant] would be simultaneously making to the PTAB)." *Id.*

For these reasons, the Court finds that the first and fourth *eSoft* factors weigh in favor of a stay.

2.   Status of Discovery and Date for Trial

The second factor—"whether discovery is complete and whether a trial date has been set"—also weighs in favor of a stay. *eSoft*, 505 F. Supp. 2d at 787. When weighing this factor, courts look not only to whether discovery has been completed and a trial date has been set, but also to other aspects of litigation proceedings such as summary judgment arguments and the status of the final pretrial order.[2] *Broad. Innovation*, 2006 WL 1897165, at *8 (citing *Gioello Enters. Ltd. v. Mattel, Inc.*, No. C.A. 99-375 GMS, 2001 WL 125340, at *1 (D. Del. Jan. 29, 2001) (noting that future motions for summary judgment could be rendered moot by decisions from the PTO)); *Softview Computer Prods. Corp.*, 2000 WL 1134471, at *3 (noting "the Pretrial Order has not yet been prepared").

In this case, the Court is not persuaded that discovery has proceeded so far as to weigh significantly against staying proceedings. Discovery has been delayed by the partial Motion to Dismiss and the fact that no answer has been filed and no defenses

---

[2] The Court recognizes that there is significant variation in when, during litigation proceedings, a stay pending IPR might be granted. *Compare Gould*, 705 F.2d at 1342 (granting a motion to stay 5 years into litigation and 20 days before trial) *with Tru-Balance, LLC v. Alcoa, Inc.*, No. 11-cv-01127-CMA-BNB, 2012 WL 619114, at *1 (D. Colo. Feb. 27, 2012) (granting a stay when discovery was not complete and no trial date had been set).

pled, *see* (Doc. # 83 at 4), and several discovery disputes are currently held in abeyance before Judge Mix pending a decision on Defendant's Motion to Compel, *see* (Doc. # 97 at 3). Moreover, no motions for summary judgment have been filed, and a trial date has not been set. *See* (Doc. # 33) (scheduling order). While the discovery deadline is 63 days after the claim construction order is entered in this case, and the expert discovery deadline is 126 days after the same order, *see* (*id.* at 8), the Court is aware that the claim construction process has only just begun. There are several months of discovery yet to come in this case.

In short, this case is in a relatively early stage of the proceedings, and this factor weighs in favor of granting Defendant's Motion.

3. <u>Undue Prejudice to the Nonmoving Party</u>

In weighing this factor, courts evaluate (1) whether a delay caused by a stay of proceedings unduly prejudices the remedy to which the nonmoving party is entitled; and (2) whether the movant unfairly gains a tactical advantage from any stay granted. *Broad. Innovation*, 2006 WL 1897165, at *10.

Courts frequently find that mere delay caused by IPR or reexamination before the PTO is not prejudicial. *See, e.g.*, *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. May 24, 2006) ("The delay inherent to the reexamination process does not constitute, by itself, undue prejudice."); *Micrografx, LLC v. Samsung Telecomm. Am., LLC*, No. 3:13-CV-3599-N, 2014 WL 8239371, at *1 (N.D. Tex. July 9, 2014) ("A delay caused by the *inter partes* review process, without more, does not justify denial of a stay."). As discussed above, IPR provides a more efficient

and timely resolution to disputes of patent validity than can be achieved by litigation. It is entirely unclear whether validity proceedings in district court would proceed any more expeditiously than they would at the PTO. Although there certainly exists the possibility of delay due to extension of the IPR process by the PTAB, the exercise of the right to appeal for rehearing at the PTAB, and exercise of the right of appeal to the Federal Circuit, those delays are merely speculative.

Plaintiff contends that a stay is prejudicial because it is a direct competitor with Defendant. (Doc. # 95 at 12.) When two parties are in competition in the marketplace, there is a risk that a patent-holder whose patent is being infringed will be prejudiced in ways that are not easily calculated to render monetary damages. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1033–34 (C.D. Cal. 2013). "A common complaint among litigating patent-holders is that a stay prevents them from vindicating their patent rights for an extended period of time. This prejudice is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant." *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 350–51 (D. Mass. 2011). Because the parties are direct competitors, the Court agrees with Plaintiff that this factor weighs in favor of denying the Motion to Stay.

After carefully reviewing the case file and considering all of the circumstances of this case, the Court finds that the majority of the factors weigh in favor of staying this litigation pending the PTAB's decision whether to institute IPR proceedings. The Court therefore grants the Motion to Stay.

C.    **ALTERNATIVE DISCOVERY REQUEST**

In the alternative to denying the Motion to Stay, Plaintiff requests that any ordered stay include an exception allowing Plaintiff to take discovery of Defendant's customers to prevent spoilation of evidence relevant to infringement of the asserted patents. (Doc. # 95 at 15.) Upon reviewing Plaintiff's arguments regarding spoilation of evidence, the Court agrees that a partial stay with an exception for certain discovery may be warranted. However, the Court declines to decide the extent of discovery that may be appropriate to permit during this stay. Plaintiff may file a motion for limited discovery within 14 days of the date of this Order, which the Court will refer to Judge Mix. Otherwise, the case will be stayed without exception.

IV.    **CONCLUSION**

For the foregoing reasons, it is ORDERED as follows:

- the July 27, 2022 Recommendation of United States Magistrate Judge (Doc. # 79) is AFFIRMED AND ADOPTED IN PART and REJECTED IN PART. It is AFFIRMED as to its recommendation to deny Defendant's partial Motion to Dismiss with respect to Plaintiff's willfulness claims and as to its recommendation that this Court find that Defendant failed to comply with this Court's practice standards. It is DENIED in all other respects.

- Accordingly, Defendant's partial Motion to Dismiss (Doc. # 21) is DENIED. It is DENIED WITH PREJUDICE with respect to the willfulness claims and DENIED WITHOUT PREJUDICE as to the validity of the '865 Patent.

16

- Defendant's Motion to Stay Pending *Inter Partes* Review of the Asserted Claims (Doc. # 83) is GRANTED. The case shall be stayed except that Plaintiff may file a motion within 14 days of the date of this Order for certain limited discovery, which this Court will refer to Judge Mix. Should Judge Mix determine that Plaintiff's discovery request is not appropriate, the case will be stayed entirely.

It is FURTHER ORDERED that the parties shall file a joint status report informing the Court whether the PTAB has decided to institute *inter partes* review proceedings within seven (7) days of the PTAB's decision. If no decision issues by February 28, 2023, the parties shall file a joint status report to apprise the Court of any relevant updates.

DATED:  September 12, 2022

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge