IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02145-CMA-KLM

WELL MASTER CORPORATION,

    Plaintiff,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S PARTIAL MOTION TO DISMISS

This matter is before the Court on Plaintiff Well Master Corporation's Motion to Strike Defendant's Partial Motion to Dismiss and, Alternatively, for Extension of Time to Respond Thereto ("Motion to Strike") (Doc. # 130).

On September 12, 2022, the Court issued an Order (Doc. # 98) affirming in part and rejecting in part a Recommendation by United States Magistrate Judge Kristen L. Mix (Doc. # 79) with respect to Defendant Flowco Production Solutions, LLC's first partial Motion to Dismiss for Failure to State a Claim (Doc. # 21). The Court denied Defendant's Motion to Dismiss with prejudice with respect to Plaintiff's willfulness claims on the basis that those claims were sufficiently pled. (Doc. # 98 at 16–17.) However, the Court denied Defendant's Motion to Dismiss *without* prejudice as to its arguments regarding the validity of U.S. Patent No. 7,395,865 ("the '865 Patent") and ordered this

action stayed pending Defendant's petition for *inter partes* ("IPR") review. (*Id.*) The Court ordered: "If Defendant's petition for IPR is denied, Defendant may refile its Motion to Dismiss." (*Id.* at 6.)

Defendant's petitions for IPR and rehearing requests were subsequently denied, and the stay in this action was lifted on June 7, 2023. (Doc. # 124.) On June 30, 2023, Defendant filed its second Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 125.) In support, Defendant specifically cited this Court's prior Order granting Defendant leave to refile its partial motion to dismiss in the event that Defendant's petition for IPR was denied. (*Id.* at 1.)

Plaintiff filed the instant Motion to Strike on July 7, 2023. (Doc. # 130.) Therein, Plaintiff argues that Defendant did not "merely refile" its First Motion to Dismiss as to the '865 Patent, but rather raises new issues as to other claims of the '865 Patent and "an entirely new allegation that claims of asserted U.S. Patent No. 7,793,728 ( "the '728 Patent") are also invalid as patent-ineligible." (*Id.* at 3.) Because of these new arguments, Plaintiff contends that it will be unfairly prejudiced if it is required to expend substantial resources in preparing a response to an "unauthorized Second Motion to Dismiss." (*Id.* at 4.) Plaintiff also objects that Defendant's second Motion to Dismiss is in violation of this Court's Practice Standards because it is 10 pages too long. (*Id.* at 3.)

In Response, Defendant argues that the Court expressly permitted it to refile a second Motion to Dismiss in accordance with this Court's Civ. Practice Standard 7.1B, which provides: "Unless otherwise ordered, each party shall be limited to the filing of a single motion to dismiss directed at the operative pleading." (Doc. # 135 at 5–6.)

Defendant also contends that it is appropriate for the refiled Motion to Dismiss to address the '728 Patent because after Defendant filed its first partial Motion to Dismiss, Plaintiff disclosed and later supplemented its infringement contentions alleging infringement of several claims of the '728 Patent as well as additional claims of the '865 Patent. According to Defendant, its central argument regarding invalidity in its first Partial Motion to Dismiss (that the patent "is simply directed at rotation, and thus patent ineligible as an abstract concept") also applies to the other claims in the '865 Patent and the subsequently disclosed claims of the '728 Patent. (*Id.* at 4.) Defendant argues that the Court should thus consider the second Motion to Dismiss in the interest of "secur[ing] the just, speedy and inexpensive determination" of this case. (*Id.* at 7.)

The Court finds that Defendant's second Partial Motion to Dismiss is proper because (1) the Court expressly permitted Defendant leave to refile its Motion to Dismiss if its petition for IPR was denied, and (2) interests of judicial economy and efficiency support considering the merits of the second Partial Motion to Dismiss. *See* Civ. Practice Standard 7.1B. To the extent that Plaintiff objects that the Motion to Dismiss should be converted into a Motion for Summary Judgment or that Defendant raises arguments that are improper in a Rule 12(b)(6) motion, Plaintiff may argue as much in its Response.

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion to Strike Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 130) is DENIED.

- Plaintiff's alternative request for an extension of time to respond to the Partial Motion to Dismiss is GRANTED. Plaintiff's Response is due twenty-one (21) days after the date of this Order and may not exceed twenty-five (25) pages.

DATED:  August 2, 2023

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge