IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02145-CMA-KAS

WELL MASTER CORP.,

    Plaintiff,

v.

FLOWCO PROD. SOLS., LLC,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY

This matter is before the Court on Plaintiff Well Master Corporation's Motion for Leave to File Surreply to Defendant's Reply Claim Construction Brief. (Doc. # 166); *see also* (Doc. # 173 (response from Defendant Flowco Production Solutions, LLC).) For the following reasons, the Motion is denied.

This case concerns the alleged infringement of three patents directed to plunger devices that, in short, increase the productivity of oil and gas wells. (Doc. # 20 ¶¶ 3, 22–32 (citing U.S. Patent Nos. 7,395,865; 7,793,728; and 8,627,892).) At present, the parties are at the claim construction stage. (Docs. ## 80, 128, 150, 157); *accord* D.COLO.LPtR 15(a). The parties, however, cannot move this Court to issue a decision construing the patent claims because, due to Plaintiff's Motion for Surreply, briefing remains incomplete. *See* (Docs. ## 166, 173); *accord* D.COLO.LPtR 15(d) (requiring that briefing concludes before filing a "Joint Motion for Determination").

Plaintiff's Motion advances two reasons to permit sur-reply: (1) the reply's use of annotated diagrams constitutes "new evidence" and (2) the reply's citation to *Interval Licensing LLC v. AOL, Inc.* implies a "new legal argument." *Compare* (Doc. # 157), *with* (Doc. # 166).

Neither this district's Local Civil Rules nor its Local Patent Rules address sur-reply. D.C.COLO.LPtR 15 (describing the filing of a motion, response, and reply); D.C.COLO.LCivR. 7.1(d) (same). Courts in this district generally disfavor sur-replies and, consequently, permit them only in exceptional circumstances—*e.g.*, when a reply brief raises new legal issues or relies on new facts. *E.g.*, *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (explaining that denying sur-reply in such circumstances "robs the [non-movant] of the opportunity to demonstrate that the record does not support [the movant's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result.").

Despite careful review of the claim construction briefing and concomitant briefing on sur-reply, the Court fails to identify either of the circumstances warranting sur-reply. First, as for "new" facts, the docket belies any complaint of unfair surprise. The diagrams originate from the patents-in-suit and appear again in Plaintiff's response. *Compare* (Doc. # 150-1 at 2–3 (depicting the two diagrams that Plaintiff views as "new evidence")), *with* (Doc. # 157 at 12, 14 (featuring the same two diagrams with two colored lines added to each).) The addition of colored lines does not transform the diagrams into new evidence, and Plaintiff cites no authority to suggest otherwise. (Doc. # 166 at 1.) Second, turning to "new" legal positions, Plaintiff claims the need to sur-

2

reply based on a legal argument that Defendant never made. Neither the claim construction brief nor the reply cites *Interval Licensing LLC* for the proposition that a term of degree is indefinite *per se*. Rather, Defendant's position appears to be that terms of degree are routinely—but not always—found to be indefinite. *E.g.*, (Doc. # 128 at 7, 21 (citing *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364 (Fed. Cir. 2014) (quoting nothing suggesting that a bright-line rule exists)); *cf.* (Doc. # 173 at 15 (focusing on the Federal Circuit's technical holding).) The reply simply does not contain the sweeping argument that Plaintiff imputes to Defendant.

In sum, the Court finds that neither the reply's incorporation of slightly annotated diagrams that appeared earlier in the briefing nor the reply's citation to *Interval Licensing LLC* justify granting Plaintiff leave to sur-reply.

For the foregoing reasons, the Court ORDERS that Plaintiff's Motion for Leave to File Surreply (Doc. # 166) is DENIED.

DATED: October 16, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge