**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-02145-CMA-KLM

WELL MASTER CORPORATION,
a Colorado Corporation,

    Plaintiff,

    v.

FLOWCO PRODUCTION SOLUTIONS, LLC
a Texas Limited Liability Company,

    Defendant.

---

**PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S
SECOND SUPPLEMENTAL INVALIDITY CONTENTIONS**

---

Plaintiff Well Master Corporation, by and through its undersigned counsel, respectfully moves for an order excluding Defendant Flowco Production Solutions, LLC's Second Supplemental Invalidity Contentions in their entirety[1] because Flowco has no good cause for adding any of its new invalidity contentions. Furthermore, some of Flowco's new contentions are based on false, fabricated testimony, and some fail to comply with D.C.COLO.LPtR 8(b)(3). Flowco's Second Supplemental Invalidity Contentions also attempt to reassert its defective Initial Invalidity Contentions and untimely and futile First Supplemental Invalidity Contentions which are already the subject

---

[1] The Second Supplemental Invalidity Contentions are directed to all three asserted patents in this action. Namely, U.S. Patent Nos. 8,627,892 ("the '892 Patent"), 7,395,865 ("the '865 Patent") and 7,793,728 ("the '728 Patent") (collectively, the "asserted patents").

of Well Master's pending Motion to Exclude Defendant's Initial and Supplemental Invalidity Contentions [ECF 127 (the "First Motion to Exclude")].

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned conferred with Flowco's counsel, Adam Yowell, regarding the subject matter of this Motion by several emails between October 30, 2023 and November 21, 2023, and by telephone on November 29 and December 4 and 8, 2023. Mr. Yowell has indicated that Flowco will oppose this Motion and the relief sought herein. Mr. Yowell has also confirmed that Flowco will not assert that this Motion is untimely, given the extended duration for these conferrals.

## I. BACKGROUND

### A. Flowco's Initial And First Supplemental Invalidity Contentions

Flowco was required by the Court's local patent rules and Section 8.d. of the Scheduling Order (as amended by ECF 43), to serve complete initial invalidity contentions by April 22, 2022.[2] [*See* ECF 33 and 43] However, Flowco's Initial Invalidity Contentions failed to comply with D.C.COLO.LPtR (b)(2) and (b)(3) as explained in Well Master's First Motion to Exclude. [*See generally* ECF 127] Flowco did not deny these failures but blamed them on alleged deficiencies in Well Master's Initial Infringement Contentions which supposedly prevented Flowco from understanding Well Master's interpretations[3]

---

[2] This deadline was five months after the Scheduling Conference, whereas Initial Invalidity Contentions are typically required to be served within sixty days of the Scheduling Conference. *See XY, LLC v. Trans Ova Genetics, LLC*, Civil Action No. 17-cv-00944-WJM-NYW, 2021 U.S. Dist. LEXIS 227717, at *10 (D. Colo. Nov. 29, 2021).

[3] Although Flowco's excuse is irrelevant given that claim construction and invalidity arguments are unrelated. *See Quality Innovative Prods., LLC v. Brand 44, LLC*, Civil Action No. 18-cv-00369-NYW, 2019 U.S. Dist. LEXIS 24505, at *21 (D. Colo. Feb. 14,

of the asserted claims. [*See* ECF 76, pp. 4-6] Flowco's excuses were meritless. [*See* ECF 127, pp. 7-10]

Flowco then filed petitions for *inter partes* review of all asserted patents with the Patent Trail and Appeal Board ("PTAB"). Those petitions demonstrated that Flowco understood the claims and could have easily complied with the requirements of D.C.COLO.LPtR 8(b)(2) and (b)(3) by the April 22, 2022 deadline. [ECF 127, pp. 4-6] Indeed, Flowco admittedly withheld its invalidity theories from Well Master in advance of the filing of petitions for *inter partes* review: ***"However, the fact that Flowco will protect its interests by filing IPR petitions before the statutory deadline in August does not mean that those petitions exist in final form today or that Flowco has decided which references and combinations of references it will rely on."*** [ECF 76, p. 6 (emphasis added) and ECF 127, p. 6]

Flowco then attempted to shoehorn the invalidity contentions in its petitions for *inter partes* review into this action through incorporation by reference in its First Supplemental Invalidity Contentions served on September 1, 2022. [*See* ECF 127, p. 10] Flowco did not provide any explanation of good cause for its Supplemental Invalidity Contentions. Nor could it as it had already admitted a lack on diligence in timely developing the invalidity contentions contained in those petitions. [*See* ECF 76, p. 6]

### B.   Flowco's Second Supplemental Invalidity Contentions

As explained below, Flowco is now attempting through its Second Supplemental

---

2019) ("[T]his court must construe the disputed terms and phrases of the Patents-in-Suit without regard to potential prior art.").

3

Invalidity Contentions to add a massive[4] new set of invalidity contentions into this action without any showing of good cause. Moreover, some of Flowco's new invalidity contentions are based upon false, fabricated testimony regarding Well Master's Sand Viper plunger, and some of Flowco's new invalidity contentions fail to comply with D.C.COLO.LPtR 8(b)(3). Further still, Flowco is attempting through its Second Supplemental Invalidity Contentions to reassert its defective Initial Invalidity Contentions and untimely and futile First Supplemental Invalidity Contentions. The Court should reject Flowco's improper efforts and exclude its Second Supplemental Invalidity Contentions.

## II.     LEGAL STANDARDS

> The purpose of the Initial Invalidity Contentions is to facilitate robust disclosure of the Parties' respective positions, as the party asserting infringement is required to respond to the Initial Invalidity Contentions. D.C.COLO.LPtR10. ***Contentions are intended to ensure that parties 'crystalize their theories of the case early in litigation so as to prevent the shifting sands approach' to the case.*** As with any pretrial disclosure, Initial and Final Invalidity Contentions are intended to aid the court in the efficient administration of justice by guiding the parties in framing the appropriate scope of discovery and eliminating unfair surprise.

*Fox Factory, Inc. v. SRAM, Ltd. Liab. Co.*, Civil Action No. 18-cv-00127-WJM-NYW, 2018 U.S. Dist. LEXIS 224696, at *6-7 (D. Colo. Oct. 16, 2018) (emphasis added, citations omitted); *see also XY, LLC v. Trans Ova Genetics*, Civil Action No. 17-cv-00944-WJM-NYW, 2018 U.S. Dist. LEXIS 224871, at *11 (D. Colo. Oct. 2, 2018). As recently explained

---

[4] The Second Supplemental Invalidity Contentions were served on October 13, 2024, and comprise a cover pleading and 33 exhibits, copies of which are submitted herewith as Exhibits 1-34. To avoid confusion between exhibit numbering conventions, exhibits 1-33 to the Second Supplemental Invalidity Contentions are submitted as Exhibits 1-33 hereto so that the exhibit numbers match. The cover pleading is submitted as Exhibit 34 hereto. The Second Supplemental Invalidity Contentions were also accompanied by a cover letter from Flowco's counsel which is attached as Exhibit 35.

by Judge Wang:

> [T]he Local Patent Rules facilitate early and orderly infringement and invalidity contentions and require parties to proceed with diligence in making and amending such disclosures. Indeed, any concerns regarding continued shifting of infringement (or invalidity) claims are mitigated by the fact that amendments to initial and final infringement and invalidity contentions, once made, must generally be supported by good cause.

*Lasermarx, Inc. v. Hamskea Archery Sols. LLC*, Civil Action No. 22-cv-01956-NYW-KAS, 2023 U.S. Dist. LEXIS 174502, at *11 n.1 (D. Colo. Sep. 28, 2023) (citations omitted); *see also XY, LLC*, 2021 U.S. Dist. LEXIS 227717, at *10 ("A party seeking to amend contentions between the Initial and Final Invalidity Contentions must provide a separate statement of good cause.").

"[T]he good cause inquiry is two-fold: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Crocs, Inc. v. Effervescent, Inc.,* Civil Action No. 06-cv-00605-PAB-KMT, 2017 U.S. Dist. LEXIS 185223, at *3 (D. Colo. Nov. 8, 2017). Flowco bears the burden to show good cause for any supplementation of its invalidity contentions. *XY, LLC*, 2018 U.S. Dist. LEXIS 224871, at *17; *Crocs, Inc.*, 2017 U.S. Dist. LEXIS 185223, at *11; *see also Fox Factory, Inc.*, 2018 U.S. Dist. LEXIS 224696, at *9 (citing *O2 Micro Int'l Ltd v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) and *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

> [G]ood cause must be supported by the articulation of 'specific facts that demonstrate: (i) a new fact or change in circumstance since the original filing that requires a change in position, (ii) appropriate diligence in attempting to ascertain the existence of the facts affecting the theory or claim before the original filing, and (iii) that the new fact or change in circumstance could not reasonably have been

anticipated at the time of the original filing.

*Id.* at *26. Importantly, "arguments with respect to lack of prejudice do not establish good cause." *Id.* at *29. Further, the good cause inquiry must be performed on a contention-by-contention basis. *See, e.g., Id.* at *22-32.

## III. ARGUMENT

### A. The References In The Second Supplemental Invalidity Contentions Were Already Known To Flowco

Exhibit 1 to the Second Supplemental Invalidity Contentions is a list of alleged prior art references. It is indisputable that Flowco knew of all the references[5] in Exhibit 1 since well before serving its Initial Invalidity Contentions because they are all listed in Flowco's Initial Invalidity Contentions.[6] [*Compare* Exhibit 1 to ECF 127-1, p. 11 of 23]

### B. Flowco Is Attempting To Reassert Its Improper Initial And First Supplemental Invalidity Contentions

Exhibits 2-4 to the Second Supplemental Invalidity Contentions are identical[7] to the claim charts in Flowco's Initial Invalidity Contentions. [*Compare* Ex. 2-4 to ECF 127-1, pp. 13-23 of 23] Therefore, Exhibits 2-4 fail to comply with requirements of D.C.COLO.LPtR 8(b)(2) and (b)(3) for the reasons explained in Well Master's First Motion to Exclude [ECF 127, pp. 2-12]. In addition, the cover pleading to the Second Supplemental Invalidity Contentions seeks to incorporate by reference Flowco's invalidity

---

[5] Except for the Sand Viper plunger, which is falsified prior art for the reasons as explained herein.

[6] The only difference between these two lists is Flowco's substitution of the Well Master Sand Viper plunger for the Bouterie reference. During conferrals, Mr. Yowell confirmed that Flowco is no longer asserting the Bouterie reference in this action.

[7] As represented by Mr. Yowell during conferrals.

6

arguments from its petitions for *inter partes* review. [*See* Ex. 34, p. 35] These contentions are untimely and futile for the reasons explained in Well Master's First Motion to Exclude. [ECF 127, pp. 12-14] The Court should reject Flowco's attempts to reintroduce its defective Initial Invalidity Contentions and untimely and futile Supplemental Invalidity Contentions.

### C. Flowco's New Invalidity Contentions Apply The Same Theories Advanced In Its Initial Invalidity Contentions

Exhibits 5-14 and 16-26 to the Second Supplemental Invalidity Contentions are all new claim charts, each alleging a new anticipation[8] theory pursuant to 35 U.S.C. § 102 "based on a single, anticipatory prior art reference." [Ex. 34, p. 3] Exhibits 27-31 to the Second Supplemental Invalidity Contentions are also new claim charts, each alleging new obviousness theories pursuant to 35 U.S.C. § 103 based on "the combination of two or more identified prior art references." [Ex. 34, p. 3] As explained above, each of the references Flowco relies upon to support the invalidity contentions in Exhibits 5-14 and 16-31 was known to Flowco since before the original April 22, 2022 deadline.

Moreover, each invalidity contention in Exhibits 5-14 and 16-31 applies the same scope and meaning of the claim language as Flowco applied in its Initial Invalidity Contentions. For example, attached as Exhibit 36 are charts comparing Flowco's Initial

---

[8] Flowco also attempts to reserve the right to assert single reference obviousness based on these single references. [*See* Ex. 34, p. 3] But the cover pleading and related exhibits do not provide any explanation as to how the reference renders the asserted claims obvious. Accordingly, this attempted catchall does not comply with the requirements of D.C.COLO.LPtR 8(b)(3). *Cf. A/S v. Carestream Dental, LLC*, Civil Action No. 1:22-cv-01829-WMR, 2023 U.S. Dist. LEXIS 202652, at *18-19 (N.D. Ga. Oct. 23, 2023) ("Broad disclaimers or generic disclosures of invalidity theories are insufficient to satisfy the local patent rules.").

7

Invalidity Contentions for Claim 18 of the '892 Patent, Claim 7 of the '865 Patent, and Claim 11 of the '728 Patent with the same claims in Exhibits 5, 10 and 27 to the Second Supplemental Invalidity Contentions, with identical language set forth in bold and italics. As can be seen from these comparisons, Flowco's new contentions parrot the exact same contention language[9] set forth in Flowco's Initial Invalidity Contentions. This is true for every single claim of every single chart in Exhibits 5-14 and 16-31. [*Compare* ECF 127-1, pp. 13-23 of 23 with Ex. 5-14 and 16-31] Importantly, there are no citations to any supposedly new claim constructions or other supposedly new positions set forth in any of these new invalidity contentions. Flowco's use of the exact same contention language in Exhibits 5-14 and 16-31 shows, unequivocally, that Flowco could have formulated these new invalidity contentions by the original April 22, 2022 deadline. Eighteen months later, Flowco cannot show that it was diligent in presenting any of these new contentions.

### D. Well Master's Sand Viper Plunger Is Not Prior Art

Exhibits 15, 32 and 33 to the Second Supplemental Invalidity Contentions are also new claim charts. Exhibit 15 alleges a new anticipation theory for asserted claims of the '865 and '728 Patents pursuant to 35 U.S.C. § 102 and based on Well Master's Sand Viper plunger. Exhibits 32 and 33 alleges new obviousness theories for asserted claims pursuant to 35 U.S.C. § 103 based on the Sand Viper plunger in combination with other

---

[9] Each of the charts in Exhibits 5-14 and 16-31 applies the plain and ordinary meaning of the claim language. Claim terms presumptively have an ordinary meaning. *Well Master Corp. v. Luckyshot, LLC*, Civil Action No. 19-cv-01617-CMA-STV, 2020 U.S. Dist. LEXIS 221267, *5 (D. Colo. Nov. 25, 2020). Flowco has also known that Well Master has been advancing plain and ordinary meanings for claim language since at least as early as July 1, 2022 when Well Master delivered its proposed constructions for all disputed claim terms to Flowco. [*See* Exhibit 37 hereto]

8

references. However, the Sand Viper plunger is not prior art for the reasons explained in Well Master's Motion to Dismiss. [*See* ECF 146, pp. 8-9] Furthermore, Flowco's asserts that the Sand Viper plunger is prior art based on false, fabricated testimony as explained in Well Master's Motion to Dismiss [*see Id*., pp. 10-11] and Well Master's Motion for Sanctions Pursuant to F.R.C.P. 11 [*see* ECF 191, pp. 2-4]. The Court should not allow Flowco to assert invalidity contentions using demonstrably false and fabricated evidence.

### E. Flowco's New Obviousness Contentions Fail To Comply with D.C.COLO.LPtR 8(b)(3)

Exhibits 27-33 to the Second Supplemental Invalidity Contentions are new claim charts asserting obviousness based on combinations of either two or three references against each claim limitation in a shotgun fashion. The claim charts do not specifically identify which element from one reference Flowco is seeking to combine with the elements from the one or two other cited references, and do not provide any explanation as to how any specific combination(s) of references would render any asserted claim obvious as required by D.C.COLO.LPtR 8(b)(3). For example, in Exhibit 30, Flowco cites three references for each limitation of Claim 1 of the '892 Patent which would result in up to 27 possible combinations for these three references over the three limitations of just Claim 1 alone.[10] Flowco applies this shotgun approach across all claims in Exhibits 27-33, leaving Well Master guessing as to which of the thousands of potential specific combination of elements Flowco is advancing for its obviousness contentions. The Court should exclude these new obvious contentions for failure to comply with D.C.COLO.LPtR

---

[10] https://www.gigacalculator.com/calculators/permutation-calculator.php.

8(b)(3) as explained in Well Master's First Motion to Exclude. [*See* ECF 127, pp. 11-12]

### F. Flowco Has Failed To Show Good Cause For Its Untimely Second Supplemental Invalidity Contentions

Flowco's Second Supplemental Invalidity Contentions are accompanied by a cover letter from Flowco's counsel. Therein, Mr. Yowell initially asserts that "Flowco does not agree it must show good cause to supplement these contentions." [Ex. 35, p. 1] This is a tacit concession that there is no good cause for Flowco's untimely supplementation. Indeed, if Flowco had good cause, it would not need to contradict its previous acknowledgement that good cause is required. [*See* ECF 143, p. 9 of 18]

Flowco then again contradicts itself by asserting in the cover letter that it has good cause to supplement its invalidity contentions for the following four reasons:

> Flowco's second supplement addresses four points beyond those addressed in our prior contentions by including and incorporating: (1) additional documents from the IPR proceedings filed after the First Supplemental Invalidity Contentions, including Well Master's claim construction arguments; (2) Well Master's post-stay claim construction briefing and arguments, including Well Master's rebuttal arguments regarding indefiniteness, and the belated claim construction offered in opposition to Flowco's Motion to Dismiss (*see* Doc. # 154); (3) Well Master's statements regarding what is and is not covered by the Asserted Patents, also disclosed for the first time in opposition to our Motion to Dismiss (*see* Doc. # 154), and the Declaration of Mr. Simpson; and (4) Well Master's arguments and bases for invalidity related to the Viper/Sand Viper/Improved Viper prior art first disclosed in the IPR proceedings.

[Ex. 35, pp. 1-2] However, the first three reasons are merely pretextual, and the fourth reason is based on false, fabricated testimony (as explained above).

Nowhere in the Second Supplemental Invalidity Contentions and exhibits or the cover letter is there any explanation as to how any of the first three reasons enabled or are even tied to any of Flowco's new invalidity contentions. There is simply no

demonstrated nexus between any supposedly new claim construction or other information, and any of Flowco's new invalidity contentions. And critically, even if there was any nexus, Flowco has failed to show that any of its new invalidity contentions could not have been developed by the original April 22, 2022 deadline.

The only details provided in the cover letter involve Well Master's clarification of two terms for claim construction. [Ex. 35, pp. 2-3] But Flowco does not even attempt to explain how these clarifications are tied to any of its new invalidity contentions. This is because it cannot make such a showing – the meanings of these terms were available and known to Flowco since long before the original April 22, 2022 deadline.

Regarding the term "rotating," Well Master's claim construction is merely the plain and ordinary meaning of the term found in general dictionaries. [*See* ECF 154, pp. 14-15] Claim terms presumptively have an ordinary meaning. *Well Master Corp.*, 2020 U.S. Dist. LEXIS 221267, *5. Well Master has also advanced ordinary meaning for "rotating" since at least February 7, 2022, when it served its Initial Infringement Contentions, and since at least July 1, 2022, when it served its proposed claim constructions. [Ex. 37, p. 2] The dictionary definition for "rotating" was also obviously available to Flowco.

Regarding the term "unimpeded fluid path/narrow passageway," Well Master's claim construction is based upon the prosecution history which is publicly available from the USPTO. Well Master also cited to this prosecution history in support of its proposed claim constructions on July 1, 2022. [Ex. 37, p. 2] Flowco has intentionally ignored this prosecution history. [*See* ECF 150, pp. 8-11]

If anything, Well Master's clarification of the meaning for "unimpeded fluid

11

path/narrow passageway" narrowed the scope of the claims and thereby eliminated potential invalidity contentions. *Cf. Graham v. John Deere Co.*, 86 S. Ct. 684, 702 (1966) ("[C]laims that have been narrowed in order to obtain the issuance of a patent by distinguishing the prior art cannot be sustained to cover that which was previously by limitation eliminated from the patent."); *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1327 (Fed. Cir. 2018) ("[W]hen claims are narrowed during reexamination to overcome prior art . . . any validity analysis of the newly issued claims differs from that of the original broader claims."). Well Master clarified its original construction from "a longitudinal path through the plunger body that does not contain any valves or other devices for preventing fluid flow" [*see* Ex. 37, p. 2] to "the fluid path or passageway does not contain any valves or other moving components for altering or regulating fluid flow" [ECF 150, p. 8]. Before this clarification, Flowco could have asserted any prior art device for preventing fluid flow by any manner, moving or not. After this clarification, only prior art without valves or other moving components could be potentially relevant to validity.

Flowco has also failed to explain its substantial delay in presenting the Second Supplemental Invalidity Contentions. They were not served until October 13, 2023, four months after the stay of this action was lifted [ECF 124] and ten months after Flowco's petitions for *inter partes* review of the asserted patents were all denied by the PTAB. Flowco should have known then that the stay of this action would soon be lifted. [*See* ECF 118, ¶¶ 1-6]

Flowco has also been aware of Well Master's positions on alleged claim indefiniteness since at least August 2022 as Flowco argued those positions in its first

claim construction brief filed before the stay of this action. [*See generally* ECF 94] In addition, claim terms are presumptively definite. *Well Master Corp.*, 2020 U.S. Dist. LEXIS 221267, at *14-15. Flowco knew that it may not be able to prove its indefiniteness theories by clear and convincing evidence and should have prepared its Initial Invalidity Contentions on this basis.

Flowco has also been aware of Well Master's claim coverage positions since at Well Master's response to Flowco's first Motion to Dismiss in November 2021 [*see* ECF 24] and upon receipt of Well Master's Initial Infringement Contentions on February 7, 2022. While it may have disagreed with those positions, it was aware that Well Master's claim coverage positions could ultimately be correct and should have prepared its initial contentions accordingly.

In sum, Flowco's has failed to meet its burden to show good cause for any of its new invalidity contentions. For this reason alone, the Court should exclude the Second Supplemental Invalidity Contentions in its entirety. *See XY, LLC*, 2021 U.S. Dist. LEXIS 227717, at *15-16 ("[T]his court declines to speculate as to any good cause arguments, particularly given that Trans Ova has been represented by able counsel since the inception of this action.").

### G.  Well Master Will Be Unduly Prejudiced If Flowco's Second Supplemental Invalidity Contentions Are Not Excluded

Well Master would be severely prejudiced if Flowco's Second Supplemental Invalidity Contentions are not excluded. Over the past eighteen months, Well Master's counsel and technical expert have been precluded from evaluating and developing any response on these issues. Well Master has also been precluded from formulating and

taking any discovery related to these issues over that same time period. While at the same time, Flowco has been in full possession and control of its invalidity theories and has been able to continue unimpeded with its preparations towards trial, including working with its experts to develop its invalidity theories and defenses. This is unfairly prejudicial because it puts Well Master at a significant disadvantage to Flowco with respect to the available time to prepare its case, and is exactly the kind of "shifting sands approach" that the Court's local patent rules were intended to prevent. *Fox Factory, Inc.*, 2018 U.S. Dist. LEXIS 224696, at *6-7. In addition, if the Court were to allow Flowco's Second Supplement Invalidity Contentions to stand, Well Master would still have no information required under D.C.COLO.LPtR 8(b)(3) for at least the obviousness contentions in Exhibits 27-33. This would continue to leave Well Master at a significant and unfair disadvantage in this action. Finally, condoning Flowco's significant and unjustified delay would undermine the local patent rules requirement for "crystalized" initial invalidity contentions early in the case. *Id*. Indeed, a ruling for Flowco under the present circumstances would create a roadmap for future defendants to purposefully undermine the early invalidity contention deadlines of the Court's local patent rules.

**IV.    CONCLUSION**

As explained above, there is no good cause for Flowco's efforts to introduce a massive new set of supplemental contentions that could have been provided by the original April 22, 2022 deadline. Moreover, Flowco's new invalidity contentions based upon Well Master's Sand Viper plunger utilize false, fabricated testimony and should not be permitted; Flowco's new obviousness contentions fail to comply with D.C.COLO.LPtR

8(b)(3); and Flowco's is improperly attempting to reassert its defective Invalidity Contentions and untimely and futile First Supplemental Invalidity Contentions through its Second Supplemental Invalidity Contentions. Accordingly, Well Master respectfully requests that the Court grant this Motion and issue an order excluding in its entirety Flowco's Second Supplemental Invalidity Contentions. Well Master further respectfully requests that the Court grant Well Master any such further relief as the Court deems just and equitable to address the improprieties of Flowco's Second Supplemental Invalidity Contentions.

Respectfully submitted December 20, 2023,

    s/Benjamin B. Lieb
Benjamin B. Lieb
TALUS LAW GROUP LLC
2816 South Adams Street
Denver, Colorado 80210
(303) 246-4767
ben@taluslaw.com
ATTORNEYS FOR PLAINTIFF
WELL MASTER CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that on December 20, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel for all parties of record.

      /s/ Sasha Nielsen
      Sasha Nielsen