IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-02145-CMA-KAS

WELL MASTER CORPORATION,

    Plaintiff,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC,

    Defendant.

---

**ORDER ON MOTIONS TO STRIKE AND MOTIONS FOR SANCTIONS**

---

This matter is before the Court on four pending motions:

1. Defendant Flowco Production Solutions, LLC's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 174), which is DENIED;

2. Defendant Flowco Production Solutions, LLC's Motion to Strike Doc. # 185 (Doc. # 186), which is GRANTED;

3. Plaintiff Well Master Corporation's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 189), which is DENIED; and

4. Plaintiff Well Master Corporation's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's First Amended Answer to the First Amended Complaint, Defenses[,] and Counterclaims (Doc. # 191), which is DENIED.

## I.     BACKGROUND

Well Master and Flowco are industry competitors. Well Master owns three patents for "plungers"—a fundamental component in "plunger lift systems."[1] *E.g.*, (Doc. # 192 at 1.) In this patent infringement case, Well Master accuses Flowco of infringement because Flowco makes and sells at least thirty-three different plunger products. (Docs. ## 1, 20); *see also* (Doc. # 46 at 2–3). Flowco denies infringement and, via counterclaim, contends that the patents-in-suit are invalid. (Doc. # 137.) The four pending motions, however, arise from none of these facts but, rather, from the growing animosity between the parties' attorneys and their concomitant inability to behave in a professional manner by cooperating with one another.

As a preliminary matter, although this Court's role should not require second-guessing how represented parties choose to proceed, the Court must address the attorneys' conduct because it has begun to negatively affect the quality of advocacy in this case, thus not only harming their respective client's interests, but also making the job of this Court considerably more difficult. These motions exemplify the "kind of unproductive and costly bickering among lawyers" that needlessly wastes the parties' litigation budgets and, more importantly, this Court's limited resources. *Sidag Aktiengesellschaft v. Smoked Foods Prods. Co., Inc.*, 969 F.2d 1562, 1562 (5th Cir.

---

[1] "Plunger lift systems" are used in oil and gas production. A plunger is a cylindrical device placed in the interior chamber of an oil-and-gas well. A plunger allows for the cultivation of otherwise unreachable natural gas while simultaneously ejecting wastewater suspended in the well tubing. The plunger works by sliding to the well's bottom and sealing the well, which builds pressure below the plunger. That pressure eventually lifts the plunger along with oil, wastewater, and the natural gas below. These substances get separated and, once they reach the surface, harvested. *See* (Doc. # 192 at 1–2.)

1992). Moreover, the emails appended to these motions lead this Court to suspect that, as to these four motions, the attorneys themselves have replaced the parties as the true adversaries. Interpersonal squabbles among the parties' attorneys have no place in the court system generally, and this Court will not tolerate them in this case. None of these motions should have been filed. "The Courts already have more than enough to read." (Doc. # 174 at 3.) Yet, because they were not withdrawn, the Court has had to spend its resources to address them on the merits (of which there are none).

The lawyers' tempest in a teapot began with three innocuous, marginally relevant filings. On October 3, 2023, Well Master filed three notices of supplemental authority under CMA Civil Practice Standard 7.1A(d)(3). (Docs. ## 169–71.) That same day, counsel for Flowco (Mr. Frank Porada) emailed counsel for Well Master (Mr. Benjamin Lieb), questioning the validity of said notices. For the next two days, Messrs. Porada and Lieb traded increasingly bellicose emails about what authority, if any, supported such filings. *See generally* (Doc. # 189-1 (email chain between counsel for the parties).) During the exchange, Mr. Porada advised that Flowco would move to strike the notices and twice requested Mr. Lieb's availability to telephonically confer. *Id.* at 4–5. Mr. Lieb ignored both of Mr. Porada's requests, choosing instead to demand that Mr. Porada divulge whatever authority he believed supported Flowco's forthcoming motion to strike. (Doc. # 196-1 at 3.)

Mr. Porada did as requested. On October 5, 2023, Mr. Porada emailed Mr. Lieb several paragraphs detailing Flowco's position. *Id.* at 2. However, in response, Mr. Porada received an automated email reply advising him that Mr. Lieb would be

3

unavailable until October 9. *Id.* at 2. Nothing in the email thread provided to this Court suggests that Mr. Lieb gave Mr. Porada advanced notice that Mr. Lieb had vacation plans beginning during the workweek that would temporarily halt conferral. However, the automated message included an assistant's phone number in case something was "urgent." *Id.* On October 6—the following day—the issue must have grown quite urgent because, rather than wait for Mr. Lieb's return, Flowco filed its motion to strike, thereby unilaterally terminating conferral. (Doc. # 174).

Flowco's motion, as required by Local Rule 7.1(a), contained a statement of conferral, which claimed that Mr. Lieb "frustrated efforts to further confer as without notice or warning, he left his office not to return until next week." (Doc. # 174 at 1–2.). In response to solely that sentence, on November 2, Well Master filed a "Statement." (Doc. # 185.) The "Statement," filed after the motion to strike became ripe, challenged Flowco's characterization of conferral in the motion to strike. *Id.* at 1.

True to form, Well Master's unorthodox filing prompted the attorneys to trade additional contempt-laden emails debating the authority to file this new Statement. (Docs. ## 186-1, 186-2.)[2] However, unlike with the notices of supplemental authority, this time, counsel managed to cooperate enough to perform the apparently Herculean

---

[2] The parties vehemently disagree over whether Well Master's "Statement" was the result of an email glitch based on the timing of the filings and Well Master's proffered explanation. *Compare* (Doc. # 194 at 1–2), *with* (Doc. # 197 at 3–4). Neither party, however, appears to grasp the fact that this debate—much like every party argument restated in this Order—should not have been dumped into this Court's lap in the first place. The Court finds it unnecessary to resolve this disagreement for purposes of this Order.

task of completing conferral. (Doc. # 186-3; Doc. # 186-4.)[3] The parties failed to reach a consensus so, on November 17, 2023, Flowco filed a motion to strike the "Statement." (Doc. # 186.)

Not to be outdone, Well Master filed two motions seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure in early December 2023. The first Rule 11 motion, filed on December 6, demanded sanctions because, according to Well Master, Flowco's assertion that Mr. Lieb "frustrated" conferral is false. (Doc. # 189 at 1–2.) Well Master's second Rule 11 motion, filed on December 8, challenged a factual assertion in Flowco's inequitable conduct counterclaim—that challenge being identical to the argument asserted in another motion and later rejected in the Court's Order addressing Well Master's Motion to Dismiss Counterclaims. (Doc. # 191); *cf.* (Doc. # 146); *but see* (Doc. # 226 at 23–24) (rejecting this argument as premature).[4]

---

[3] Flowco's motions stress Mr. Porada's difficulties in scheduling telephonic conferrals with Mr. Lieb despite the duty to confer imposed on attorneys under the Local Civil Rules. The emails show that Mr. Lieb twice ignored Mr. Porada's requests for scheduling availability yet demonstrated the opportunity to do so because he responded selectively about other topics. For Mr. Lieb to now complain about Mr. Porada's termination of conferral is difficult to comprehend considering that Mr. Lieb ignored two opportunities to expedite conferral by speaking telephonically. Conferral requirements inherently necessitate collaboration and professional courtesy. Conferral is a simple process that thousands of attorneys have managed to accomplish without wasting this Court's time. Counsel for both parties are warned that this Court will sanction both parties if it is ever again dragged into such a petty disagreement.

[4] Flowco asserts inequitable conduct because, before the three patents-in-suit were issued, Well Master circulated a press release advertising a plunger known as the "Sand Viper" and, according to Flowco, the press release is prior art that would have prevented the patents-in-suit from being approved had Well Master not (allegedly) hidden the press release from the United States Patent and Trademark Office. (Doc. # 226 at 18, 23–24.)

## II. **MOTIONS TO STRIKE**

**A.   APPLICABLE LAW**

The District of Colorado's Local Civil Rules authorize motions, response briefs, and reply briefs. D.C.COLO.LCivR 7.1(d). The Local Civil Rules also contemplate notices of supplemental authority, although the Local Civil Rules offer much less guidance regarding when such notices can be filed and what they should contain. The rules reference notices of supplemental authority explicitly once, in Local Civil Rule 7(f), which does not clarify when such notices are permissible—only when they are not. *See* D.C.COLO.LCivR 7.1(f) (establishing a conditional deadline applicable to notices if the underlying matter is set for a hearing).

Further, because the Local Rules do not prescribe what notices of supplemental authority should include, trial courts in this district have borrowed from the reasoning of Federal Rule of Appellate Procedure 28(j), which authorizes notices of supplemental authority to "advise the Court of new relevant authorities a party has learned of after briefing is completed." *E.g.*, *Severine v. Anthem Blue Cross Life & Health Ins. Co.*, No. 19-cv-03301, 2021 U.S. Dist. LEXIS 3374, at *3 (D. Colo. Jan. 8, 2021) (first citing Fed. R. App. P. 28(j), then citing *Nieme v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013)). At most, notices of supplemental authority cannot raise new arguments. *E.g.*, *Standing Akimbo, Inc. v. United States*, No. 18-mc-00178, 2021 WL 3931224, at *9 (D. Colo. Sept. 2, 2021) (citing *Hooks v. Ward*, 184 F.3d 1206, 1233 n.25 (10th Cir. 1999)).

**B.     ANALYSIS**

   1.     <u>Flowco's Motion to Strike Notices of Supplemental Authority (Doc. # 174)</u>

Flowco argues that Well Master's three notices of supplemental authority function as unauthorized sur-replies that must be stricken. (Doc. # 174 at 2–5.) In concluding that the notices are unauthorized, Flowco rejects the following authorities: (1) CMA Civil Practice Standard 7.1A(d)(3), which it asserts cannot apply because it was no longer operative when the notices were filed; (2) Local Civil Rule 7.1(f), which cannot apply because no hearing was set on the underlying motions; and (3) Local Civil Rule 7.1(d), which effectively preempts notices of supplemental authority unless the filing party first obtains leave from the court. *Id.* at 2–3. In response, Well Master contends that the Local Civil Rules authorize its notices and, in any event, they should be considered because they are "highly relevant." (Doc. # 183 at 1–3.)

Both parties agree that the Local Civil Rules are silent on this issue; the disagreement lies in what that silence means. Well Master insists that nothing prohibits it from filing notices, whereas Flowco infers prohibition from the lack of explicit authorization. The problem with Flowco's argument, however, is that notices of supplemental authority are permitted and routinely filed in this district, and its arguments to the contrary are flatly incorrect. For example, parties in this Court's previous cases have filed said notices under CMA Civil Practice Standard 7.1A(d)(3)—later renumerated as Standard 7.1A(f)(3)—both of which authorize notices of supplemental authority. Although Flowco is correct that Standard 7.1A(d)(3) no longer existed when the notices were filed, the authority remained operative notwithstanding whether Well

7

Master cited it correctly. That alone should have been enough for Flowco to reconsider this motion to strike and should have prompted Flowco to withdraw it. As for Local Civil Rule 7.1(f), the rule is a conditional statement. That condition does not exist here because the three motions to which the notices referred were not set for a hearing. The rule does not apply to instances when a party files a notice of supplemental authority as to matters not set for a hearing. Ergo, Local Civil Rule 7.1(f) is irrelevant here. Finally, Flowco reads Local Civil Rule 7.1(d) as prohibiting any filings but motions, responses, and replies yet fails to acknowledge that such a reading directly conflicts with Local Civil Rule 7.1(f), which implicitly recognizes that notices of supplemental authority can be filed. The demonstrable invalidity of Flowco's premises render its argument fallacious. Nothing prohibits Well Master's notices of supplemental authority. Nothing barred Well Master from filing its notices, which renders Flowco's motion improper. Consequently, Flowco's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 174) is DENIED.

 Although the notices were not stricken, this Court notes that the information in the notices was of little value and would strongly prefer that Well Master not patronize the Court with notice of orders that its law clerks are perfectly capable of uncovering themselves.

 2. <u>Flowco's Motion to Strike Doc. # 185 (Doc. # 186)</u>

 As for Flowco's second motion to strike, Flowco argues that the Statement must be stricken as unauthorized because neither Local Civil Rule 7.1(a) nor 7.1(d) applies.

8

(Doc. # 186 at 3.)[5] In response, Well Master insists that Doc. # 185 is proper because it was originally meant to be part of Well Master's Response to Flowco's first motion to strike but, due to a filing error committed by Mr. Lieb's paralegal, had to be filed separately. (Doc. # 194 at 1–2.)

Flowco is correct, albeit on a point that does nothing to further its substantive interests in this case. Well Master's "Statement" is not a brief, notice of supplemental authority, nor an exhibit appended to Well Master's Response. Although Well Master insists that its Statement was originally meant to be part of its Response, which this Court doubts,[6] the proper procedure when filings errors occur is to move for leave to amend—not take liberties with the docket. Well Master could have stipulated to a motion to strike its Response, filed a notice of errata identifying the missing exhibit, and sought leave to re-file its Response with the material contained within the Statement. Yet it chose to do none of those things.

---

[5] Flowco also accuses Well Master of violating "the letter and spirit" of the Federal Rules of Civil Procedure because Well Master's "pattern and practice" of filing "rogue documents" is "slow[ing] this case and its ultimate resolution." (Doc. # 186 at 4–5.) The Court declines to address this argument. The Court does note, however, the palpable irony of Flowco attacking Well Master for unnecessarily filings considering that Flowco's two motions to strike had no good reason to be filed and, at best, offer Flowco pyrrhic victories.

[6] Well Master scoffs at Flowco's insinuation that the Statement "was drafted and filed within 8 minutes." (Doc. # 194 at 1–2.) The Court notes, however, that the Statement is one paragraph and appends an email thread that could be generated as a printable PDF in seconds. *See* (Doc. # 185.) It very well could have been drafted and filed within 8 minutes by the harried hands of an attorney who realized that the Statement was never appended to Well Master's Response. Moreover, as Flowco rightfully points out, nothing in Well Master's Response cites to or references any exhibits, which further undercuts Well Master's representation to this Court. (Doc. # 197 at 3–4.)

9

Thus, as Flowco insists, the Statement can be stricken and, because Flowco insists, it shall be stricken. Flowco's Motion to Strike Doc. # 185 (Doc. # 186) is GRANTED. That said, the parties are strongly advised to seriously reconsider before filing such trivial requests again. This motion "result[ed] in extra work for the Court, and extra papers to be filed and paid for" by both parties—without accomplishing anything substantive. (Doc. # 186 at 6.)

### III.     RULE 11 MOTIONS

#### A.    APPLICABLE LAW

"Rule 11 is violated where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Harrison v. Luse*, 760 F. Supp. 1394, 1399 (D. Colo. 1991). Conduct challenged under Rule 11 is evaluated according to a standard of objective reasonableness. *Id.* Therefore, the Court must determine "whether a reasonable and competent attorney would believe in the merit" of the arguments challenged. *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006). However, "Rule 11 sanctions are an extraordinary remedy." *Id.* at 611. They are "intended to discourage frivolous litigation, not to punish litigants." *Id.* Frivolous refers to the merits of claims, not the questionable value of an attorney's chosen litigation strategy. *United States v. Lain*, 640 F.3d 1134, 1137 (10th Cir. 2011) (quotation marks, citation, and alteration omitted) (defining "frivolous" as "lacking a legal basis or legal merit; not serious; not reasonably purposeful").

**B.    ANALYSIS**

    1.    <u>Well Master's Rule 11 Motion Regarding Conferral (Doc. # 189)</u>

In a two-page motion, Well Master demands Rule 11 sanctions because of one sentence from Flowco's first motion to strike (Doc. # 174), which reads: "Plaintiff's counsel frustrated efforts to further confer as without notice or warning, he left his office not to return until next week." (Doc. # 174 at 1–2.) The thrust of Well Master's argument is that Flowco's characterization of conferral is a baseless lie. (Doc. # 189 at 1–2.) In its defense, Flowco insists that its efforts to confer were reasonable under Local Rule 7.1 and that the assertion is accurate. (Doc. # 196 at 3–7.)[7]

The record does not support Well Master's motion; Flowco's assertion cannot be sanctionable under Rule 11 because it is objectively true. Mr. Lieb left his office without giving Mr. Porada the professional courtesy of warning that he planned to take time off before leaving his office, which indisputably frustrated conferral by delaying its conclusion—whether Mr. Lieb intended to do so or not. Were that not the case, Well Master would have undoubtedly provided evidence of said advanced notice. Although Well Master maintains that sanctions are appropriate because Flowco's assertion could be read to ***imply*** that Mr. Lieb ***deliberately*** attempted to frustrate conferral, Rule 11's "extraordinary remedy" is not the appropriate tool to redress an ambiguous assertion

---

[7] Flowco also argues that Rule 11 applies only to pleadings and motions, not sentences, but this Court will not waste time on such a profoundly misguided reading of the rule. (Doc. # 196 at 1–3.) First, the text of the rule contradicts Flowco's reading—the rule explicitly applies to "other paper[s]" filed with a court—and, second, pleadings and motions ***are made up of sentences***, so sanctioning an attorney's pleadings or motions means sanctioning the attorney for the filing's sentences.

that Mr. Lieb construes as an assault on his character. (Doc. # 199 at 1–2.) Well Master's request for Rule 11 sanctions simply cannot be taken seriously.[8]

For the reasons above, Well Master's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 189) is DENIED.

    2.    <u>Well Master's Rule 11 Motion Regarding Counterclaims (Doc. # 191)</u>

Finally, the Court turns to Well Master's second Rule 11 motion. As explained in a recent Order of this Court, Well Master asserts (again) that Flowco's inequitable conduct counterclaim relies on a materially misleading misquote of expert testimony from Inter Partes review concerning the plunger depicted in the Sand Viper press release. (Doc. # 191 at 3–4); *see generally* (Doc. # 226 at 23–24). Flowco, on the other

---

[8] That said, Flowco is also partly to blame for these needless motions. When Mr. Lieb unexpectedly left for his vacation, Flowco could have simply waited for his return. Yet, instead, Mr. Porada opted for the "Goldilocks approach"—concluding that the issue not urgent enough to warrant calling Mr. Lieb's assistant yet time sensitive enough to justify filing the motion before Mr. Lieb's return. When asked why Flowco could not wait, Mr. Porada cited a risk of prejudice that was unbelievably exaggerated. According to him, Flowco could not afford to wait because the Court might already be considering the cited supplemental authorities. (Doc. # 189-1 at 1.) Even if the supplemental authorities were helpful—which they were not—Flowco chose to unilaterally terminate conferral before Mr. Lieb responded to the legal authorities supplied by Flowco's last email. For all Mr. Porada knows, those legal authorities could have persuaded Mr. Lieb to withdraw Well Master's notices. Three of the four motions could have been avoided had Mr. Porada exercised a scintilla of professional restraint. Mr. Porada would have been wise to heed Mr. Lieb's warning:

> Your motion argues that the notices 'increase the amount of work' for the Court. But then you require the Court to review five pages of arguments to which we must respond and the Court will have to review all of it. ***I suspect Judge Arguello will not be pleased with this, especially given that you did not finish conferring before filing your motion***.

(Doc. # 189-1 at 2 (emphasis added).)

hand, insists that its quote is accurate and that Rule 11 is not the proper vehicle for resolving the merits of factual disputes, so determining the materiality of the Sand Viper press release is premature. (Doc. # 198 at 5–7.)

Unlike the previous Rule 11 motion, which was facially meritless, Well Master's motion for Rule 11 sanctions could ultimately prove meritorious—in time. However, currently, the Court lacks enough information to reach such a conclusion. As Well Master's own cited authority notes, "[d]isputes over factual contentions do not provide a basis for dismissal under Rule 11" when both parties' factual assertions have at least some evidentiary support and none of that evidence dispositively resolves the dispute. *Mountain Crane Service, LLC v. Wenneshiemer*, No. 2:15-cv-00408, 2016 WL 5415665, at *4 (D. Utah Sept. 28, 2016). Well Master has not provided enough information to conclusively prove that its expert was referring to two distinct Sand Viper models—a particularly conspicuous omission given that Well Master's initial infringement contentions cite thirty-three plungers by product number. (Doc. # 46 at 2–4.) Nor has Flowco disproven that fact, which is unsurprising considering that Well Master keeps stonewalling Flowco's discovery requests about the Sand Viper. (Doc. # 198 at 7.)[9] Moreover, the Court's own reading of the Inter Partes review testimony Flowco suggests enough ambiguity to discourage this Court from jumping to conclusions without the benefit of discovery. If it turns out that there were indeed two Sand Viper

---

[9] Ironically, Well Master urges this Court to jettison allegations concerning the Sand Viper press release despite Well Master's repeated attempts to stonewall discovery on the issue while, on the other hand, Well Master argues that the notices of supplemental authority should be considered because, *inter alia*, Flowco's attempts to strike them imply probative value. (Doc. # 183 at 2–3); *but see* (Doc. # 198 at 7).

models as Well Master claims, Well Master can renew its motion for Rule 11 sanctions with the support of a clear record. Until then, this Court will not foreclose Flowco's opportunity to conduct discovery to confirm its reading of the Inter Partes review testimony. Consequently, Well Master's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's First Amended Answer to the First Amended Complaint, Defenses[,] and Counterclaims (Doc. # 191) is DENIED.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Defendant Flowco Production Solutions, LLC's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 174) is DENIED;

- Defendant Flowco Production Solutions, LLC's Motion to Strike Doc. # 185 (Doc. # 186) is GRANTED;

- Plaintiff Well Master Corporation's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's Motion to Strike Plaintiff's Notices of Supplemental Authority (Doc. # 189) is DENIED; and

- Plaintiff Well Master Corporation's Motion for Sanctions Pursuant to F.R.C.P. 11 Regarding Defendant's First Amended Answer to the First Amended Complaint, Defenses[,] and Counterclaims (Doc. # 191) is DENIED.

It is FURTHER ORDERED that counsel shall provide a copy of this Order to their

respective clients and should seriously consider not billing their clients for the time spent fighting over these non-meritorious issues which provided nothing of substance to further the interests of their respective clients.

DATED: April 17, 2024

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
Senior United States District Judge