IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02145-CMA-KAS

WELL MASTER CORPORATION, a Colorado corporation,

    Plaintiff and Counter Defendant,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC, a Texas limited liability company,

    Defendant and Counter Claimant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant/Counter Claimant Flowco Production Solutions, LLC's ("Flowco") **Motion to Exclude** [#256] (the "Motion"). Plaintiff/Counter Defendant Well Master Corporation ("Well Master") filed a Response [#260] in opposition to the Motion [#256] and Flowco filed a Reply [#263]. The Motion [#256] has been referred to the undersigned. *See Memorandum* [#258]. The Court has reviewed the briefs, the case file, and the applicable law. For the following reasons, the Court **RECOMMENDS**[1] that the Motion [#256] be **GRANTED**.

### I. Relevant Procedural History

On August 9, 2021, Well Master filed suit against Flowco, alleging infringement of three patents for plungers used in oil and gas lift systems: U.S. Patent No. 7,395,865 (the

---

[1] Although a Motion to Exclude [#256] is not plainly dispositive in nature, in an abundance of caution, this Court will proceed by Recommendation given the potentially dispositive effect of excluding evidence of an earlier priority date. *Cf., e.g., Moss v. Home Depot U.S.A., Inc.*, No. 18-cv-02760-REB-NYW, 2019 WL 5095719, at *1 (D. Colo. July 31, 2019) (magistrate judge deciding two Rule 37 motions to strike experts on Recommendation because of their potentially dispositive effect).

'865 patent), U.S. Patent No. 7,793,728 (the '728 patent), and U.S. Patent No. 8,627,892 (the '892 patent). *Compl.* [#1], ¶ 1. On October 8, 2021, Well Master filed an Amended Complaint [#20], which Flowco moved to dismiss in part, particularly the claims of willful infringement and claims relating to the '865 patent. *See Motion to Dismiss* [#21] at 2. Flowco did not initially file an answer.

On February 21, 2022, Flowco served its first set of discovery requests on Well Master. *See Def.'s First Set of Discovery to Pl.* [#260-2]. Two of these requests, Interrogatory 1 and Request for Production ("RFP") 10, are relevant to the Motion [#256]. In full, Interrogatory 1 reads:

> Describe with particularity the circumstances surrounding the invention and patenting of the inventions claimed in the Patents-in-Suit, including the precise date of conception, the Persons involved and nature of their involvement, the dates of actual and constructive reduction to practice, the steps constituting diligence from conception to actual or constructive reduction to practice, drafting and submission of invention disclosures or laboratory notebooks, patent application drafting, identification of all Persons involved in the conception and/or reduction to practice, including a description of his or her involvement, and all Documents that You contend corroborate any of the foregoing.

*Id.* at 6. In full, RFP 10 seeks production of:

> Documents sufficient to show the first written disclosure, first disclosure to another, first public sale or offer for sale, effective priority date, and first public use and/or public disclosure of each alleged invention described or claimed in the Patents-in-Suit.

*Id.* at 11.

On March 15, 2022, Well Master supplemented its Initial Infringement Contentions and represented that "no documents are believed to exist in Well Master's possession, custody, or control" responsive to D.C.COLO.LPtR 5(a) or 5(b). *See Well Master's First Supp. Infringement Contentions* [#46] at 6.

On March 28, 2022, Well Master responded to written discovery but objected to Interrogatory 1 and RFP 10, asserting in part that they were not relevant because Flowco had not asserted the invalidity of the patents in suit. *See Movant's Appx.* [#256-1] at 1-3, [#263-1] at 26-30.[2] Standing on its objections, Well Master did not substantively respond to either Interrogatory 1 or RFP 10. *Movant's Appx.* [#256-1] at 1-4, [#263-1] at 27-30.

On May 24, 2022, Magistrate Judge Kristen Mix issued an Order [#70] that resolved multiple discovery motions, stating in part that "[p]ermitting discovery on a defense such as invalidity is particularly appropriate in a case such as here where both parties agreed to this procedure and it comports with the Local Patent Rules." *See Order* [#70] at 7. She noted that, even though Flowco had not yet answered, "discovery regarding invalidity was permitted with leave of court. In fact, such discovery was agreed, undertaken and ordered for at least five months before Plaintiff filed its Motion to Strike [Defendant's Initial Invalidity Contentions]." *Id.* at 3. She rejected Well Master's reliance on "unpublished cases outside of the Tenth Circuit to contend that '[Flowco] is not entitled to take discovery on unpled claims or defenses[.]'" *Id.* at 6. Finally, she noted that in January 2022 conferral emails, Well Master's counsel had "contended that many of [Well Master's] document requests sought relevant information because they were directed to 'identifying prior potential art.'" *Id.* at 4. She denied Well Master's motion to strike Flowco's invalidity contentions and its related request for "a protective order precluding Defendant from taking discovery on any unpled claims or defenses, including the invalidity

---

[2] Flowco's "Movant's Appendix" is split between two docket entries: the first 25 pages are found at [#256-1], attached to its Motion [#256], while pages 26-32 are found at [#263-1], attached to its Reply [#263]. The documents include nonconsecutive portions of Well Master's written discovery responses and supplements, so in this Recommendation the Court will indicate the docket number and cite to the "Movant's Appendix p. #" indicated on the bottom of each page.

3

contentions." *Id.* at 2, 8.

On July 8, 2022, Well Master supplemented some of its discovery responses, including RFP 10 (but not Interrogatory 1). *See Movant's Appx.* [#263-1] at 29. As to RFP 10, Well Master stated that:

> In view of the Court's Order [ECF 70], Well Master renews its objection to the request for production to the extent it seeks information which is not relevant to the subject matter of the present lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant has not asserted in the Scheduling Order or in its Initial Invalidity Contentions that any of the patents-in-suit are invalid based upon any written disclosure, disclosure to another, public sale or offer for sale, or public use and/or public disclosure. Therefore, Defendant is not currently entitled, under Fed. R. Civ. P. 26(b)(1), to take discovery regarding these topics.
>
> Well Master also further objects to this request for production to the extent that it seeks production of documentation that is already in Defendant's possession and/or that is publicly-available [sic] to Defendant. **Namely, documents showing the effective priority date of the patents-in-suit are available from the USPTO website.**

*Id.* (emphasis added).

On August 9, 2022, Flowco filed petitions for *inter partes* review with the United States Patent Trial and Appeal Board ("PTAB"), challenging the validity of the patents in suit. *See Motion to Stay* [#83] at 1-2. Two weeks later, it moved to stay this case, which the Court granted on September 12, 2022. *Id.*; *Order* [#98] at 17 (granting stay pending *inter partes* review). The PTAB denied Flowco's petitions for *inter partes* review and on June 7, 2023, the Court lifted the stay and set claim construction briefing deadlines, with briefing to conclude by August 31, 2023. *See Order* [#124] at 6. On June 30, 2023, Flowco simultaneously filed a Partial Motion to Dismiss [#125] and an Answer and Counterclaim [#126]. On September 7, 2023, Well Master served second supplemental discovery responses, this time supplementing Interrogatory 1 with the following:

> Subject to the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Well Master refers Defendant to the November 10, 2022 Declaration of David Green and the exhibits thereto which was submitted to the United States Patent Office Patent Trial and Appeal Board in IPR 2022-01384 and IPR 2022-01385.

*Movant's Appx.* [#256-1] at 9-10.

On May 9, 2024, Well Master served a third supplement to its discovery responses, this time responding to Interrogatory 1 with a detailed, three-and-a-half-page statement. *See id.* at 18-21. In part, Well Master stated (relative to the '865 and '729 patents) that Robert Bender had conceived of the design of Well Master's Sand Viper plunger around September 2003. *Id.* at 18. On October 18, 2003, Mr. Bender and David Green held a strategic planning session in which Mr. Bender "drew a sketch for Mr. Green showing the features of his new plunger design" and "described the functionality and theory" behind the design. *Id.* Well Master disclosed a copy of the meeting agenda with Mr. Green's handwritten notes. *Id.* Commercial introduction was planned for the first quarter of 2004 but was delayed, and in mid-October 2004, Mr. Bender hired Mr. Green as a Well Master employee. *Id.* at 19. At that time, Mr. Bender had prototypes made by Well Master's machine shop—these were "the first physical embodiments of Mr. Bender's new plunger design." *Id.* Thus, "as of at least as early as October 2004, Mr. Bender had conceived of and reduced his new plunger design to practice with Mr. Green's assistance." *Id.* However, the commercial name for the design was not adopted until January 2005, when the first technical drawing was created. *Id.* at 19-20. Well Master states that it filed U.S. Provisional App. No. 60/593,914 on February 24, 2005, and that this provisional application constitutes "constructive reduction to practice of the asserted claims of the '865 and '729 Patents." *Id.* at 20. The application for the '865 patent was filed on February

5

8, 2006, and the application for the '729 patent was "a continuation" of the application for the '865 patent "and also claims priority to U.S. Provisional App. No. 60/593,914." *Id.*

Finally, regarding the '892 patent, Well Master asserted that Rick Nadkrynechny conceived of the design of Well Master's Venturi plunger around October 1, 2007, "as evidenced by his submission to the Canadian Scientific Research and Experimental Development Tax Incentive Program[.]" *Id.* The first physical prototypes were created for well testing in December 2009, and Well Master disclosed photographs. *Id.* at 20-21. Thus, Well Master stated, "at least as early as December 2009, Mr. Nadkrynechny had conceived of and reduced his new plunger design to practice." *Id.* at 20-21.

On August 29, 2024, the Court entered its Order on Claim Construction [#262], which triggered several other Scheduling Order deadlines. *See Minute Order* [#234]. Now, Flowco moves to preclude Well Master from relying on a priority date earlier than the patents-in-suit's filing dates, on the basis that Well Master failed to make disclosures required under D.C.COLO.LPtR 5 and failed to timely supplement or correct its discovery responses under Fed. R. Civ. P. 26(e). *See Motion* [#256] at 3.

## II. Legal Standards

**A.     Local Patent Rule 5**

In relevant part, D.C.COLO.LPtR 5 provides that

> Contemporaneously with service of the Infringement Contentions, the party claiming patent infringement shall produce to each party . . . the following documents and identify by production number which documents correspond to each category:
>
> (a)     All documents demonstrating each disclosure, sale (or offer to sell), or any public use of the claimed invention before the application date or the priority date (whichever is earlier) for each patent in suit;
>
> (b)     All documents created on or before the application date or the priority

> date (whichever is earlier) for each patent in suit that demonstrate each claimed invention's conception and earliest reduction to practice;
> [. . .]

Unfortunately, "[t]here is a dearth of case law in the District of Colorado regarding D.C.COLO.LPtR 5; in fact, the Court has found no written opinions citing this Local Rule." *Seeley Int'l Pty Ltd v. Maisotsenko*, No. 21-cv-01350-CMA-KLM, 2022 WL 3975005, *6 (D. Colo. Sept. 1, 2022). Based on the Court's research, this remains true two years later—*Seeley* is the only case the Court could find that discusses Local Patent Rule 5.

As the Federal Circuit has noted, local patent rules are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (quoting *Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998)). In many cases, the party claiming infringement has in its possession evidence of priority even before it files suit—so "[e]ven when discovery reveals an unforeseen earlier priority date, there is rarely a justifiable excuse for shifting a priority date contention near the end of fact discovery." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *10 (E.D. Tex. June 20, 2017) (discussing Eastern District of Texas Local Rule 3-1(e)); *see also Thought, Inc. v. Oracle Corp.*, No. 12-cv-05601-WHO, 2015 WL 5834064, at *5 (N.D. Cal. Oct. 7, 2015) ("The purpose of the local rules to crystallize the parties' theories early in litigation would be frustrated if [N.D. Cal.] Patent Local Rule 3-1 and 3-2 were read to allow a plaintiff to avoid specifying a conception date or provide any documents that support this date."). Thus, while the spirit of the Local Patent Rules is clear, the lack of

7

case law applying or construing D.C.COLO.LPtR 5 leaves the Court with little guidance.[3]

## B.   Fed. R. Civ. P. 26(e) and 37(c)

Discovery in patent cases, like all other civil cases, is governed by the Federal Rules of Civil Procedure. *Cf. Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, No. 12-cv-00189-WJM-KMT, 2014 WL 485876, at *6 (D. Colo. Feb. 6, 2014).

Rule 26(e)(1)(A) imposes an ongoing duty on parties to supplement or correct their disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Rule 37(c)(1) imposes penalties for parties who violate Rule 26(e): "If a party fails to provide information . . . as required by [Rule 26(e)], the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have used Rule 37(c)(1) to exclude certain theories of infringement in patent cases, "because each new theory necessarily requires new evidence or witnesses." *Teashot*, 2014 WL 485876, at *8 (citing *Tritek Techs., Inc. v. United States*, 63 Fed. Cl. 740, 749

---

[3] Moreover, other jurisdictions' local patent rules do not mirror D.C.COLO.LPtR 5 in either numbering or content. *See, e.g.*, N.D. Cal. Pat. R. 3-1(f) (requiring an early disclosure that includes "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled[.]"); N.D. Cal. Pat. R. 3-2(b) (requiring document production accompanying this disclosure to include "[a]ll documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to Patent L.R. 3-1(f), whichever is earlier[.]"); E.D. Tex. Pat. R. 3-1(e) (requiring a similar disclosure including, "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled"). By contrast, Colorado's analogous Local Patent Rule 5 does not explicitly require identification of a priority date and only requires production of documents "that demonstrate each claimed invention's conception and earliest reduction to practice[.]" D.C.COLO.LPtR 5(b).

(Fed. Cl. 2005); *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1374 (Fed. Cir. 2002)).

Rule 26(e) prohibits parties who are aware that their responses are deficient "from holding back material items and disclosing them at the last moment." *Teashot,* 2014 WL 485876, at *7 (internal quotation marks and modifications omitted) (quoting *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1282 (Fed. Cir. 2012)). Thus, the question of timeliness focuses on the disclosing party's explanation for the late disclosure, and particularly on when it learned the late-disclosed information. *See, e.g.*, *Integra LifeSciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2018 WL 3814614, at *3 (D. Del. Mar. 23, 2018) (striking the plaintiffs' "belated shift in the asserted priority date" as untimely due to prejudice and a lack of adequate explanation); *Elbit Sys. Land & C4I Ltd.*, 2017 WL 2651618, at *10 (finding that the plaintiff's January 2017 supplement to its interrogatory response was untimely under Rule 26(e)(1) where "it is undisputed that [the plaintiff] possessed the underlying facts at least by September 2016"). That the other side did not complain to the court does not excuse untimeliness because "[a] party has the right to assume that opposing counsel is acting with diligence, and in compliance with the Federal Rules of Civil Procedure, during discovery." *Teashot*, 2014 WL 485876, at *7.

Finally, where a court finds a violation of Rule 26(e), determining whether the late disclosure is substantially justified or harmless under Rule 37(c) is within the district court's broad discretion. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999); *see also Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986) ("The boundaries of the district court's discretion are defined by

9

unfair, prejudicial harm to a party deprived of an adequate opportunity to present its case.") (citations omitted). The Tenth Circuit has instructed district courts to consider four factors: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability to cure the prejudice; (3) the extent to which introducing such evidence would disrupt the proceeding; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993; *Integra LifeSciences*, 2018 WL 3814614, at *1 (applying the Third Circuit's equivalent to the *Woodworker's Supply* factors in a patent case).

### III. Analysis

Flowco argues that Well Master did not comply with D.C.COLO.LPtR 5 because in its infringement contentions, it expressly represented that it had no documents responsive to Local Patent Rule 5(a) or 5(b), indicating priority dates no earlier than each patent-in-suit's application date. *Motion* [#256] at 7. Additionally, Flowco argues that Well Master did not timely supplement its disclosures or its discovery responses pursuant to Fed. R. Civ. P. 26(e), because the information and documents referenced in Well Master's third supplemental response to Interrogatory 1 are "Well Master's own documents and information from its own internal records" which it has long possessed. *Id.* at 6-8. Flowco argues that the untimely disclosure prejudiced it in searching for prior art. *Id.* at 10.

Well Master does not argue that it recently obtained this information or that it acted diligently to produce it. *See generally Response* [#260]. Instead, it argues that Flowco has not shown a violation of Local Patent Rule 5(a) or 5(b) because it has not identified which produced documents supposedly fall into each category, and further points to the lack of case law interpreting the rule. *Response* [#260] at 7-10. Well Master further argues

10

that its supplemental discovery responses are not untimely under Rule 26(e) because Flowco only recently set forth well-pleaded invalidity contentions, before which time the priority date was not relevant to any claims in suit, and until now, Flowco never sought Court assistance. *Id.* at 10-12. Finally, Well Master argues that exclusion of evidence is not warranted because Flowco is attempting "to prevent Well Master from presenting evidence that would establish priority dates for the asserted patents that are earlier than certain alleged prior art, including the Sand Viper plunger." *Id.* at 13. At the same time, Well Master argues that Flowco shows no harm, and that Flowco can simply move to amend its invalidity contentions by showing good cause. *Id.* at 12-14.

Because the Court finds that the Motion [#256] should be granted pursuant to Fed. R. Civ. P. 26(e) and 37(c), it declines to consider whether exclusion is appropriate under D.C.COLO.LPtR 5.

**A.     Rule 26(e)**

The Court finds that Well Master's supplementation of Interrogatory 1 was untimely under Rule 26(e). Flowco served Interrogatory 1 and RFP 10 on February 21, 2022. Well Master initially objected, in part based on relevance, but the Court's May 24, 2022 Order [#70] expressly rejected Well Master's theory that invalidity and prior art were not at issue because Flowco had not yet pleaded an invalidity defense. *See Order* [#70] at 3-4, 7. To that end, Magistrate Judge Mix wrote, "despite the fact that an Answer had not yet been filed, given Defendant's assertion of invalidity in the Proposed Scheduling Order [#28][,] [i]t is also beyond dispute that discovery regarding invalidity was permitted with leave of court." *Id.* at 3. Moreover, "such discovery was agreed, undertaken and ordered for at least five months before Plaintiff filed its Motion to Strike." *Id.* She observed that Well

11

Master's counsel, in conferral emails, had "agreed that 'invalidity contentions are required under the Scheduling Order[,]' and contended that many of [Well Master's] document requests sought relevant information because they were directed to 'identifying prior potential art.'" *Id.* at 4 (modification in original).

Indeed, prompted by the May 24, 2022 Order [#70], Well Master supplemented some of its discovery responses, most importantly RFP 10. Well Master stated that "[i]n view of the Court's Order [#70]," it was renewing its relevance objection to several categories of documents, but it went on to "object[] to this request for production to the extent that it seeks production of documentation that is already in Defendant's possession and/or that is publicly-available to Defendant." *Movant's Appx.* [#263-1] at 29. Specifically, Well Master identified "documents showing the effective priority date of the patents-in-suit [which] are available from the USPTO website." *Id.*

Not until May 9, 2024, did Well Master supplement its response to Interrogatory 1, finally asserting conception and earliest reduction to practice dates that significantly preceded the filing of the respective patents—in some cases *by years*. *See Movant's Appx.* [#256-1] at 19-21. For example, Well Master states that the design of the Sand Viper plunger incorporates the '865 and '729 patents and was conceived "around September 2003," that it was certainly reduced to practice by October 2004, when Well Master began selling it, that U.S. Provisional App. No. 60/593,914 was filed on February 24, 2005, and that the '865 Patent was filed on February 8, 2006. *Id.* at 19-20. Well Master states that the design of the Venturi plunger incorporates the '892 patent, was conceived "around October 1, 2007," and was certainly reduced to practice in the form of physical prototypes by December 2009. *Id.* at 20-21. However, draft documents for a provisional

patent application were not created until January 2010 and U.S. Provisional Application No. 61/342,407 was filed on April 14, 2010. *Id.* at 21.

Well Master does not argue that it recently learned this information or that it has acted diligently to disclose it. Instead, it argues that it was not obligated to disclose it "in the absence of pled claims or defenses for patent invalidity"—an argument the Court had rejected in its May 24, 2022 Order [#70]. *Response* [#260] at 12; *but see Order* [#70] at 6-7 (rejecting Well Master's reliance on "unpublished cases outside of the Tenth Circuit to contend that 'Defendant is not entitled to take discovery on unpled claims or defenses'" and declining request for a protective order preventing discovery on invalidity). By May 2022, the Court found that Defendant was plainly contesting the validity of the patents-in-suit. Thus, the Court is not persuaded by Well Master's suggestion that it was only recently required to disclose information relevant to priority dates. *See Response* [#260] at 12. Well Master's reliance on an argument already rejected by this Court is not a reasonable basis to withhold information or documents that were plainly responsive to Flowco's written discovery requests. Nor does Flowco's lack of earlier complaints excuse Well Master from its discovery obligations. *Cf. Teashot*, 2014 WL 485876, at *7 (noting a party's right to assume that the other side is complying with the rules).

Finally, the Court considers Rule 26(e) in light of the Federal Circuit's admonition that local patent rules are "designed specifically to 'require parties to crystallize the theories of their case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'" *O2 Micro Int'l Ltd.*, 467 F.3d at 1364 (quoting *Atmel Corp.*, 1998 WL 775115, at *2). Here, Well Master appears engaged in a "shifting sands" approach to priority dates. On July 8, 2022, Well Master straightforwardly stated that "documents

13

showing the effective priority date of the patents-in-suit are available from the USPTO website." *Movant's Appx.* [#263-1] at 29. Yet on May 9, 2024, it provided new information and documents that were not publicly available and that contradicted priority dates shown in the patent applications. *Movant's Appx.* [#256-1] at 18-21. By affirmatively pointing Flowco to public USPTO documents while in possession of documents and information showing earlier priority dates, Well Master's July 2022 supplemental response to RFP 10 knowingly (perhaps even intentionally) misled Flowco.

In summary, the Court is not persuaded by Well Master's arguments that it owed no duty to supplement under Rule 26(e). The Court finds that Well Master's third supplemental response to Interrogatory 1, including its contemporaneous disclosure of documents showing earlier conception and reduction to practice, was untimely.

B. The *Woodworker's Supply* Factors

Having found Well Master's supplemental response and supplemental disclosures untimely, the Court considers whether they were substantially justified or harmless, specifically considering (1) the prejudice or surprise to Flowco; (2) Flowco's ability to cure the prejudice; (3) the extent to which introducing such evidence would disrupt the trial; and (4) Well Master's bad faith or willfulness. *See Woodworker's Supply*, 170 F.3d 985, 993 (10th Cir. 1999).

Turning to the first prong, prejudice or surprise, the Court considers two cases that applied Rule 26(e) in the context of shifting priority dates, *Integra LifeSciences Corp. v. Hyperbranch Med. Tech., Inc.*, No. 15-819-LPS-CJB, 2018 WL 3814614, at *2-3 (D. Del. Mar. 23, 2018), and *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *9-10 (E.D. Tex. June 20, 2017).

In *Elbit Sys.*, the plaintiff had consistently disclosed to the defendant and represented to the court that the patent-in-suit's priority date was its filing date, before suddenly disclosing that it was entitled to a patent date nine months earlier, based on earlier conception and reduction to practice. *Elbit Sys.*, 2017 WL 2651618, at *9. The court observed that the defendant's "interrogatory understandably sought to commit [the plaintiff] to a priority date." *Id.* at *10. The court found that the change in priority date was untimely under Rule 26(e) because it was undisputed that the plaintiff had the underlying facts in its possession for more than three months but waited until the close of fact discovery to disclose it. *Id.* The court precluded the plaintiff from presenting any evidence or arguing that the patent's priority date preceded its filing date. *Id.* Similarly, in *Integra LifeSciences*, the plaintiffs supplemented interrogatory responses to identify a November 2001 priority date pursuant to a court order. *See* 2018 WL 3814614, at *2-3. More than a year later, the plaintiffs suddenly asserted an earlier priority date of February 2001. *Id.* at *3. The Court found the belated shift untimely and struck the earlier priority date, applying the Third Circuit's equivalent of the *Woodworker's Supply* factors. *Id.*

In both cases, the district court emphasized the importance of a firm priority date to a defendant developing its case. *See Elbit Sys.*, 2017 WL 2651618, at *10 (finding prejudice to the defendant, which had "justifiably developed invalidity positions under the assumption that the '073 patent is entitled to a priority date no earlier than its filing date"); *Integra LifeSciences*, 2018 WL 3814614, at *3 ("There can be no dispute that [the defendant] would be prejudiced by such a shift [in the asserted priority date], as [its] entire invalidity case against claim 10 of the '034 patent has relied on a priority date of November 9, 2001."). Notably, in those cases, the shift in priority date was a matter of less than a

15

year, while Well Master here attempts to shift priority dates several years earlier.

The Court finds that Well Master's attempt to shift priority dates has caused Flowco significant prejudice and surprise, given Well Master's recently asserted conception dates that predate filing dates by *years*. *Cf. Motion* [#256] at 10-11 (explaining the importance of the priority date in searching for prior art and asserting that Flowco had relied on the application date in conducting those searches); *Reply* [#263] at 9 (emphasizing the effort and expense that has gone into developing Flowco's invalidity case and the burden that a "re-do of its prior art search" would impose).[4] The Court finds that the first *Woodworker's Supply* factor weighs strongly in favor of exclusion.

As for the second factor, the Court finds that it will be difficult to cure the prejudice to Flowco at this late stage in the litigation. The Court acknowledges that fact discovery has not yet closed in this case, though deadlines are fast approaching following the Court's August 29, 2024 Claim Construction Order [#262]. However, Flowco has already expended considerable time, effort, and expense building its invalidity case in reliance on the patent application dates—reliance that Well Master reinforced by referring Flowco to public USPTO filings. *Cf. Movant's App'x.* [#263-1] at 29. Flowco explains that it asserted invalidity contentions based on its search for prior art, based upon the priority date associated with the patents' filing, and that "[t]he possibility that Well Master could try to

---

[4] Well Master surmises that Flowco's claims of prejudice are contrived because Flowco "merely asserts in conclusory fashion that it made unspecified decisions about its invalidity contentions based on the earliest filing dates for the asserted patents" but presents no sworn testimony. *Response* [#260] at 13-14. However, Well Master cites no authority holding that a party asserting prejudice must substantiate that assertion with sworn testimony. The Court finds plausible Flowco's assertion that it relied on filing dates of the patents-in-suit when it conducted its prior art search, and that its resulting prior art (and potentially its identified prior art) may well have differed had it known of these newly alleged earlier conception and reduction to practice dates.

pre-date a reference would have been one of the most important strategic considerations in deciding which references to assert." *Motion* [#256] at 11. Such prejudice is difficult to measure, as priority dates commonly shape defendants' entire invalidity cases. *Cf. Elbit Sys.*, 2017 WL 2651618, at *10 (noting that the defendant had developed its invalidity positions based on a priority date no earlier than the filing date); *Integra LifeSciences*, 2018 WL 3814614, at *3 (noting that the defendant's "entire invalidity case" against a particular claim had relied on a particular priority date). Thus, the prejudice to Flowco cannot be easily cured. *See, e.g.*, *Jama v. City & County of Denver*, 304 F.R.D. 289, 301 (D. Colo. 2014) (finding that, while quantifiable monetary prejudice might be curable by award of attorneys' fees, "the more intangible types of prejudice" resulting from inadequate Rule 26(e) supplemental disclosures could not be so easily cured). Moreover, even if the Court were inclined to award monetary sanctions, a request Flowco has not made, costs incurred due to Well Master's untimely disclosure cannot readily be segregated from other expenditures in this contentiously litigated case. The Court finds that the second *Woodworker's Supply* factor weighs in favor of exclusion rather than monetary or other sanctions.

As for the third factor, disruption of trial, the Court acknowledges that trial has not been set yet in this matter, but "there has been, and will continue to be, significant disruption and delay to the prompt and expedient resolution of this matter as a direct result of [Well Master's] untimeliness." *Jama*, 304 F.R.D. at 301. The priority dates issue may significantly alter the parties' trial strategy and tactics as well as any pretrial settlement discussions. The Court finds that the third *Woodworker's Supply* factor only slightly favors exclusion.

Finally, the Court considers the fourth factor, bad faith or willfulness. Willful failure is "any intentional failure as distinguished from involuntary noncompliance." *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992) (quoting *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)). On the record presented, the Court hesitates to impute bad faith to Well Master, but it can firmly conclude that Well Master willfully delayed disclosure of information it knew was both responsive to Flowco's discovery requests and highly relevant to the parties' claims and defenses.

The timeline of this case supports the Court's finding of willfulness. First, on March 15, 2022, Well Master represented that "no documents are believed to exist in Well Master's possession, custody, or control" that were responsive to D.C.COLO.LPtR 5(b), which requires early disclosure of "[a]ll documents created on or before the application or priority date (whichever is earlier) for each patent in suit that demonstrate each claimed invention's conception and earliest production to practice." *See Well Master's First Supp. Infringement Contentions* [#46] at 6. Second, on July 8, 2022, Well Master supplemented its response to RFP 10, affirmatively stating that "documents showing the effective priority date of the patents-in-suit are available from the USPTO website." *Movant's Appx.* [#263-1] at 29. These two representations could reasonably lull Flowco into believing that Well Master had no additional documents in its possession and that Flowco could reasonably rely on public USPTO filings to determine priority dates. As previously discussed, these early representations omitted key information about priority dates, yet Well Master does not assert that its May 9, 2024, supplement was prompted by new information. If Well Master did not acquire this information during discovery, then it was in Well Master's possession all along. The Court can only draw one conclusion: Well Master intentionally

withheld information and documents it knew were responsive to Flowco's discovery requests. The Court finds that the fourth *Woodworker's Supply* factor weighs in favor of exclusion.

Having weighed all four *Woodworker's Supply* factors, the Court concludes that the sanction of exclusion is appropriate and **recommends** that Defendant's Motion [#256] be granted pursuant to Fed. R. Civ. P. 26(e) and 37. Well Master should be precluded from relying on any of the information or documents that were first disclosed in its Third Supplemental Response to Interrogatory 1.

### C.     Local Patent Rule 5

The Court agrees with Well Master's assertion that Flowco has not properly developed its Local Patent Rule 5 argument with analysis and legal support. *Cf. Response* [#260] at 8. However, because the Court finds that Well Master's supplemental response and supplemental production in response to Interrogatory 1 were untimely in violation of Rule 26(e) and warrant exclusion under Rule 37(c), the Court need not address the parties' Rule 5 arguments. *Cf. Seeley Int'l Pty Ltd.*, 2022 WL 3975005, at *6 (noting the "dearth of case law in the District of Colorado" construing D.C.COLO.LPtR 5).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#256] be **GRANTED** and that Plaintiff/Counter Defendant Well Master be precluded from presenting any information or documents related to priority dates that were first disclosed in its Third Supplemental Response to Interrogatory 1.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of

19

service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: December 2, 2024                BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge