IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-02145-CMA-KAS

WELL MASTER CORPORATION,

    Plaintiff,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC,

    Defendant.

---

**ORDER REJECTING MAGISTRATE JUDGE RECOMMENDATION
AND DENYING DEFENDANT'S MOTION TO EXCLUDE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Kathryn A. Starnella (the "Recommendation"). (Doc. # 271.) Defendant/Counter-Plaintiff Flowco Production Solutions, LLC ("Flowco") filed a Motion to Exclude "all evidence and argument from Plaintiff Well Master Corporation that the priority date for the Patents-in-Suit is earlier than the respective application dates." (Doc. # 256.) Specifically, evidence and argument related to certain alleged prior art, including Plaintiff/Counter-Defendant Well Master Corporation's ("Well Master") "Sand Viper" plunger product (the "Sand Viper"). Well Master filed a Response in Opposition to Defendant's Motion to Exclude (Doc. # 260) and Flowco filed a Reply in Further Support of Defendant's Motion to Exclude (Doc. # 263).

Magistrate Judge Starnella issued the Recommendation to grant Flowco's motion in its entirety highlighting the potentially dispositive effect of excluding evidence of an earlier priority date. (Doc. # 271 at 1 n.1.) Well Master then filed objections to the Recommendation within the required 14 days (Doc. # 276) and Flowco filed a response to Well Master's objections within the required 14 days (Doc. # 277). For the following reasons, the Court respectfully rejects the Recommendation and sustains Well Master's objections. Thus, Flowco's Motion to Exclude (Doc. # 256) is denied in its entirety.

## I.   BACKGROUND

This case was initiated by Well Master on August 9, 2021 (*see* Doc. # 1) and it has been a battle of motion practice ever since. Flowco's Motion to Exclude (Doc. # 256) and its supporting briefs have ignored this Court's Order on March 26, 2024, granting Well Master's Motions to Exclude Flowco's Initial, Supplemental, and Second Supplemental Invalidity Contentions, as well as its Motion to Dismiss Flowco's Counterclaims for Declaratory Judgment of Invalidity and Inequitable Conduct. (Docs. ## 127, 146, 195 (Mots.) & 226 (Order).)[1]

Given Flowco's defective invalidity contentions, this Court's rulings in effect confirmed the justification for Well Master's objections to Flowco's discovery requests, Interrogatory No. 1 and Request for Production No. 1, as outside the scope of discovery and premature. *See* (Doc. # 256 at 5). As Well Master points out, "[R]elevancy cannot

---

[1] The Recommendation also fails to cite this order (Doc. # 226) in its procedural history. *See* (Doc. # 271 at 1–6).

be determined by defective invalidity contentions which failed to state a claim for invalidity" to begin with. (Doc. # 260 at 6.)

As of March 2024, more than two and a half years into this case, the Court noted that it was still unclear whether Flowco was making unfounded assertions about the materiality of the Sand Viper as prior art, or whether Flowco was being deliberately obtuse. (Doc. # 226 at 10 n.11.) The Court also noted Flowco's contradictory litigation positions related to the Sand Viper:

> Infringement and invalidity are two separate analytical inquiries, but even supposing the connection existed, Flowco's position is diminished by its contradictory litigation positions assumed in this case. For one particularly poignant example, the Court reiterates its earlier point that Flowco claims it could not serve invalidity contentions that comply with the Local Patent Rules because, for one, it could not understand how to identify a "fishing neck" feature on a plunger. Yet, elsewhere, Flowco inexplicably argues that Well Master's "Sand Viper" product is prior art because a **mere picture** of the Sand Viper "**shows** . . . **a fishing neck**." (Doc. # 143 at 6–7 (emphasis added).)

(Doc. # 226 at 15 n.13.)

Further, the Court stated: "To the extent that Flowco is genuinely confused, it can seek clarification informally through conferral or by propounding interrogatories." (*Id.*)[2] Thereafter, the parties conferred and Well Master stipulated to allowing Flowco to add Sand Viper back to its initial invalidity contentions to avoid further motion practice. *See* (Docs. ## 234, 249). Just a few days after this conferral, Well Master served its third[3]

---

[2] Flowco's contradictory and potentially unfounded invalidity contentions regarding the Sand Viper leads the Court to reject the Recommendation's position and agree with Well Master that its third supplemental responses to Flowco's Interrogatory No. 1 and Request for Production No. 1 were not required by Magistrate Judge Mix's May 24, 2022, order.

[3] Well Master had already served a prior supplemental response to Flowco's Interrogatory No. 1 and Request for Production No. 1 on September 7, 2023, referring to the contents of David Green's

3

supplemental discovery responses which provided further detail on the conception and development of the Sand Viper and, on June 24, 2024, Flowco finally successfully added Sand Viper to its counterclaims. *See* (Doc. ## 249, 256 at 5–6). Well Master represents that it "would have never agreed to [the Sand Viper] stipulation had it known of Flowco's intention to bring the [present] Motion [to Exclude]." (Doc. # 276 at 2.)

Despite Flowco's shifting invalidity contentions, it argues that Well Master needed to disclose the evidence at issue at the outset of this case as part of required D.C.COLO.LPtR 5 ("Local Patent Rule 5") infringement contention disclosures. (Doc. # 256 at 3-4, 7–8.) Well Master responds that none of its documents fall under the purview of Local Patent Rule 5 subparts (a) or (b) and that Flowco has failed to meet its burden to prove a Local Patent Rule 5 violation. (Doc. # 260 at 7–10.) The Recommendation "agrees with Well Master's assertion that Flowco has not properly developed its Local Patent Rule 5 argument with analysis and legal support." (Doc. # 271 at 19 (citing Well Master's Resp., Doc. # 260 at 8).) However, the Recommendation did not address the parties' Rule 5 arguments because it found that Well Master violated Federal Rule of Civil Procedure 26(e) and that the exclusion of evidence was warranted under Rule 37(c). (*Id.*)

---

declaration. *See* (Docs. ## 249-1, 256-1, 260 at 5–6). Mr. Green's declaration was originally filed by Well Master with the United States Patent Trail and Appeal Board ("PTAB") on November 10, 2022, in defense of Flowco's petitions for *inter partes* review filed with the PTAB on August 9, 2022, seeking to challenge the validity of Well Master's asserted patents in this case. *See* (Docs. ## 83, 260 at 4). Flowco then moved to stay this case pending resolution of its petitions, which was opposed by Well Master, but granted by the Court on September 12, 2022. (Docs. ## 83, 95, 98.) Nine months later, after the PTAB declined to initiate *inter partes* review (Docs. ## 112, 115, 260 at 4–5), Well Master then moved to lift the stay, which Flowco opposed (Doc. # 118). On June 7, the Court issued an order lifting the stay. (Doc. # 124.) Thus, Flowco's denied *inter partes* petitions delayed this case for nine months.

The modified scheduling order in this case sets the fact discovery deadline as May 13, 2025, the affirmative expert deadline as June 10, 2025, the rebuttal expert deadline as July 14, 2025, the deadline to complete expert discovery as August 11, 2025, and the dispositive motion deadline as September 12, 2025. (Doc. # 274.) The Final Pretrial Conference is currently scheduled for November 7, 2025, at 1:30 p.m. (*id.*) and a trial date has not been set.

## II.     APPLICABLE LAW

### A.     LOCAL PATENT RULE 5

The District of Colorado's Local Patent Rules set forth a system that runs parallel to the Federal Rules of Civil Procedure's discovery protocols. Relevant here, the District of Colorado, like many other jurisdictions, has adopted Local Patent Rules that require parties to disclose certain aspects of their infringement and invalidity theories early in the case. *See generally XY, LLC v. Trans Ova Genetics, LC*, No. 17-cv-00944, 2018 WL 6791102, at *4 (D. Colo. Oct. 2, 2018) (likening patent contentions to initial disclosures in discovery); *Fox Factory, Inc. v. SRAM, Ltd. Liab. Co.*, No. 18-cv-00127, 2018 WL 6603960, at *3 (D. Colo. Oct. 16, 2018) (explaining the normative aims of Colorado's Local Patent Rules).

"[I]nfringement and invalidity contentions . . . force each side to show its cards: the patent holder shows in detail how the accused device meets each claim limitation[,] and the accused infringer shows in detail how the claim is invalid." *Lear Corp. v. NHK Seating of Am. Inc.*, No. 2:13-cv-12937, 2020 WL 1815876, at *2 (E.D. Mich. April 10, 2020). Both types of patent contention disclosures involve the same "matching game."

5

*Id.* That "game" requires producing claims charts that trace figurative lines between either the Accused Instrumentality (for infringement contentions) or prior art (for invalidity contentions) and the limitations of the patents-in-suit's asserted claims. *Id.*

Although the Local Patent Rules governing patent contentions operate somewhat like initial disclosures under Rule 26 of the Federal Rules of Civil Procedure, the two sets of rules serve distinct purposes. Both Rule 26 initial disclosures and the Local Patent Rules' patent contention disclosures seek to equip a litigant with the information it needs to develop and support its claim(s). However, the Local Patent Rules also force the parties to "pin down" their litigation theories, thereby "***confining discovery and trial preparation*** to information that is pertinent to th[ose] theories of the case." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (emphasis added).

Contentions are meant to "crystalize" the parties' theories of the case early in litigation to prevent the "shifting sands approach" to the case. *Fox Factory*, 2018 WL 6603960, at *3 (citation omitted). For that reason, the Local Patent Rules serve a secondary purpose of aiding the Court in limiting and managing discovery. *Id.* (citing *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 295 (D. Colo. 2014)). Local Patent Rules are not, however, "a straitjacket into which litigants are locked from the moment their contentions are served." *Comcast Cable Commc'ns. Corp. v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 716131, at *2 (N.D. Cal. Mar. 2, 2007). Importantly, this notion of "crystalizing the parties' theories of the case" applies equally to both infringement and invalidity contentions. *See* (Doc. # 226 at 6).

Local Patent Rule 5, regarding document production accompanying infringement contentions, provides, in relevant part:

> Contemporaneously with service of the Infringement Contentions, the party claiming patent infringement shall produce to each party (or make available for inspection and copying) the following documents and identify by production number which documents correspond to each category:
>
> > (a) All documents demonstrating each disclosure, sale (or offer to sell), or any public use of the claimed invention before the application date or the priority date (whichever is earlier) for each patent in suit;
> >
> > (b) All documents created on or before the application date or the priority date (whichever is earlier) for each patent in suit that demonstrate each claimed invention's conception and earliest reduction to practice;
> >
> > [. . .]

D.C.COLO.LPtR 5(a) & (b).

The Recommendation correctly states that "[t]here is a dearth of case law in the District of Colorado regarding D.C.COLO.LPtR 5; in fact, the Court has found no written opinions citing this Local Rule." *Seeley Int'l Pty Ltd. v. Maisotsenko, et al.*, No. 21-cv-01350-CMA-KLM, 2022 WL 3975005, *6 (D. Colo. Sept. 1, 2022). Based on the Court's research, this remains true today—*Seeley* is the only case this Court could find that discusses Local Patent Rule 5, but it is not particularly helpful or applicable to this case. Further, other jurisdictions' local patent rules do not mirror Local Patent Rule 5 in either numbering or content. *See* (Doc. # 271 at 8 n.3).

**B.   FEDERAL RULES OF CIVIL PROCEDURE 26 AND 37**

Federal Rule of Civil Procedure 26(e)(1)(A) imposes an ongoing duty on parties to supplement or correct their disclosures and discovery responses "in a timely manner

7

if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" In turn, Rule 37 imposes penalties for parties who violate Rule 26(e):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

The determination of whether a disclosure violation is justified or harmless, for the purpose of the rule permitting exclusion of certain undisclosed evidence, is entrusted to the broad discretion of the district court. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. *Id.* (citation omitted). As stated by the United States District Court for the Eastern District of Texas:

> A court has the inherent power to enforce its scheduling orders and to impose sanctions. Fed. R. Civ. P. 16(f). However, interpretation and enforcement of discovery provisions of the Local Patent Rules ***should not conflict with, and should harmonize with, the discovery provisions of the Federal Rules of Civil Procedure***. *See O2 Micro Intern. Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006). Deciding whether late filed infringement contentions should be excluded is somewhat similar to deciding whether evidence should be excluded for discovery violations. It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended. Therefore, the court will consider the kinds of factors identified as important in making these types of decisions. *See id.* at 1366; *Finisar*, 424 F. Supp. 2d at 899.

*Ariba, Inc. v. Emptoris, Inc.*, No. 9:07-CV-90, 2008 WL 11348416, at *1 (E.D. Tex. Oct. 17, 2008) (emphasis added). The Tenth Circuit has held that the following factors should guide the court's discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply*, 170 F.3d at 993.

### III.    DISCUSSION

This Court finds that Flowco fails to prove a violation of Local Patent Rule 5[4] and that there is no violation of Federal Rule of Civil Procedure 26(e). Thus, for the reasons set forth below, the Court rejects the Recommendation (Doc. # 271) and denies Flowco's Motion to Exclude (Doc. # 256) in its entirety.

### A.    FLOWCO'S LOCAL PATENT RULE 5 ARGUMENT FAILS

The Local Patent Rules are meant to limit discovery to the theories of the case that are pinned down. *See supra* Sec. II.A. The Court finds that Flowco's prior art invalidity contentions related to Well Master's supplemental discovery responses were anything but pinned down. In fact, as of March 26, 2024, it was still not clear to the Court whether Flowco was making unfounded assertions about the materiality of the Sand Viper, as Well Master insisted, or whether Flowco was being deliberately obtuse. (Doc. # 226 at 10 n.11.)

---

[4] The Recommendation found no proof of a Local Patent Rule 5 violation, as well, but it did not address the parties' Rule 5 arguments because it found that Well Master violated Federal Rule of Civil Procedure 26(e) and that the exclusion of evidence was warranted under Rule 37(c). (Doc. # 271 at 19.) The Court therefore provides further explanation as to why there is no Local Patent Rule 5 violation in this Order.

Flowco argues that the "Local Patent Rules are designed to ensure efficient processing of patent litigation matters" (Doc. # 256 at 7), while simultaneously failing to acknowledge its own failures when it comes to disclosure under the Local Patent Rules (*see* Doc. # 226 at 14–17), its own delay in this case through its *in partes* review petitions, and its failure to clearly articulate its invalidity contentions. As this Court ruled, given these contradictory and potentially unfounded positions by Flowco, it could seek clarification through conferral with Well Master or through interrogatories. (*Id.* at 15 n.13.) It was at *that* point that Well Master's supplemental discovery responses related to the Sand Viper became relevant. Prior to that, Well Master justifiably limited its discovery responses to the legitimate theories of the case put before it. Once that was cleared up in a conferral between the parties, Well Master immediately served its third supplemental discovery responses. *See* (Docs. ## 234, 256 at 5–6, 260 at 6–7).

The Court finds that Flowco is not in a position to argue a "shifting sands approach." Flowco is also remiss to rely on *Fox Factory, Inc. v. SRAM, LLC,* No. 18-cv-00130, 2019 WL 1450622 (D. Colo. April 2, 2019). In *Fox*, the court allowed amendment to invalidity contentions, finding good cause to support the addition of four prior art references to Defendants' Final Invalidity Contentions. Not only was *Fox* not about infringement contention disclosures under Local Patent Rule 5, but Flowco failed to provide a valid explanation of good cause for its own invalidity contentions in this case. Well Master's stipulation in May of 2024 bypassed Flowco's need to file a motion for leave to amend said contentions for good cause. *See* (Doc. # 226 at 17).

The Court does not necessarily agree with Well Master that, even if Flowco had properly articulated its invalidity contentions, none of the documents in its supplemental production would fall under the purview of Local Patent Rule 5. *See* (Doc. # 260 at 7–10). However, based on the foregoing, the Court finds that Flowco has failed to meet *its* burden to prove a violation of Rule 5. *See Seeley*, 2022 WL 3975005, at *6–7. Thus, exclusion of Well Master's supplemental discovery responses is inappropriate.

**B.    FLOWCO'S FED. R. CIV. P. RULES 26 AND 37 ARGUMENTS ALSO FAIL**

This Court has broad discretion to determine whether a failure to disclose evidence is justified or harmless under the Federal Rules of Evidence. *See Woodworker's Supply*, 170 F.3d at 993. It need not even make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. *Id.* In harmony with its finding that there are no Local Patent Rule 5 violations in this case (*see Ariba*, 2008 WL 11348416, at *1), the Court also finds that the *Woodworker's Supply* factors weigh in favor of Well Master, further supporting inclusion of the disputed evidence.

    1.    <u>The prejudice or surprise to the party against whom the testimony is offered</u>

The Court is not convinced by Flowco's nebulous claim of harm. In its Motion to Exclude, ignoring its own delays and failure to articulate its invalidity theories, Flowco merely relies on hypothetical/assumed findings of harm by citing to other cases and stating that this case is three years old. Flowco walks a very fine line when it contends that the Court "upheld as sufficient" its invalidity contentions in its March 26, 2024, Order. *See* (Doc. # 256 at 11). The Court only denied Well Master's first motion to

exclude (Doc. # 127) in part as to Flowco's **obviousness** contentions. (Doc. # 226 at 17), stating:

> To be clear, the following invalidity contentions based on anticipation are excluded: (1) those pertaining to Claims 9 and 13 of the '892 patent; (2) those pertaining to claims 7, 8, 10, 11, and 13–16 of the '865 patent; and (3) claims 4–6 and 12–14 of the '728 patent. If Flowco wishes to make a third attempt to supplement its surviving invalidity contentions, it must first move for leave from this Court and show good cause.

(*id.* at 17 n.15). The Court further found that "Flowco failed to provide valid explanation of good cause as required by the Local Patent Rules" and that "Flowco ha[d] not shown diligence[.]" (*Id.* at 17.)[5]

The Court therefore agrees with Well Master that the Magistrate Judge's Recommendation finds harm despite no support or proof thereof from Flowco. *See* (Doc. # 276 at 7–10). Without a corroborated showing of actual harm, evidentiary exclusion is an inappropriate remedy in view of the Tenth Circuit's "strong predisposition to resolve cases on their merits." (Doc. # 276 at 10 (citing *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998).)

No trial date has been set in this case and it appears to this Court that, pursuant to the modified scheduling order (Doc. # 274), there remains time for Flowco to further amend its invalidity contentions regarding prior art. Here, too, *Fox* cuts against Flowco. 2018 WL 6603960, at *3 (finding that there was "ample time to address" the newly asserted theories because expert reports were not due for another four months). If more

---

[5] With respect to any allegation of "surprise," the Court notes that Well Master had already provided Flowco with a prior supplemental response to Flowco's Interrogatory No. 1 and Request for Production No. 1 on September 7, 2023, referring to the contents of David Green's declaration mentioning the Sand Viper, pursuant to Federal Rule of Civil Procedure 33(d), which had been created by Well Master in response to Flowco's petitions for *inter partes* review. *See* (Docs. ## 249-1, 256-1, 260 at 5–6, 276 at 7).

time is needed, it seems to this Court that a modified scheduling order to allow such time would address any possible harm to Flowco.

    2.    <u>The ability of the party to cure the prejudice</u>

Because it finds no harm or prejudice to Flowco, the Court need not discuss this factor.

    3.    <u>The extent to which introducing such testimony would disrupt the trial</u>

There is no trial scheduled, so it goes without saying that this factor also weighs in favor of Well Master.

    4.    <u>The moving party's bad faith or willfulness</u>

This is perhaps the most contentious factor with respect to Flowco's Motion to Exclude. The Recommendation finds willfulness on the part of Well Master but does not find bad faith. *See* (Doc. # 271 at 18 ("On the record presented, the Court hesitates to impute bad faith to Well Master . . . .")). Well Master denies bad faith and Flowco does not assert it. *See generally* (Docs. ## 260 at 12, 256, 263, 277). This Court agrees that Well Master's supplemental discovery responses do not appear to have been served on May 9, 2024, in bad faith.

With respect to willfulness, as explained throughout this Order, the Court finds that any willfulness on Well Master's part in withholding the information disclosed in its third supplemental discovery responses was justified as outside the scope of discovery and premature given Flowco's defective invalidity contentions. Moreover, even if Well

13

Master's withholding was not "substantially" justified, the Court finds no harm to Flowco as explained in Section III.B.1., above.[6]

Well Master represents that it "would have never agreed to [the Sand Viper] stipulation had it known of Flowco's intention to bring the [present] Motion [to Exclude]." (Doc. # 276 at 2.) In fact, the parties stipulated to limited supplementation of Flowco's invalidity contentions and amendments to Flowco's counterclaims to *avoid* further motions. *See* (Doc. # 234). The Court therefore finds that this factor also favors inclusion of Well Master's third supplemental discovery responses.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court ORDERS that Defendant Flowco Production Solutions, LLC's Motion to Exclude (Doc. # 256) is DENIED in its entirety.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Kathryn A. Starnella (Doc. # 271) is REJECTED as an order of this Court.

DATED:  March 25, 2025

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

---

[6] The Court also finds that the instant case is distinguishable from patent cases cited in the Recommendation to support Rule 37(c) exclusion. *See* (Doc. # 271 at 8–9). *See, e.g.*, *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, No. 12-cv-00189-WJM-KMT, 2014 WL 485876, at *6–8 (D. Colo. Feb. 6, 2014) (plaintiff did not disclose its doctrine of equivalents infringement theory until the close of fact discovery in an expert report); *Integra LifeSciences Corp. v. Hyperbranch Med. Tech.*, No. 15-819-LPS-CJB, 2018 WL 3814614, at *3 (D. Del. Mar. 23, 2018) (plaintiff changed the priority date for a patent less than a month before trial),