IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02145-CMA-KAS

WELL MASTER CORPORATION, a Colorado corporation,

    Plaintiff and Counter Defendant,

v.

FLOWCO PRODUCTION SOLUTIONS, LLC, a Texas limited liability company,

    Defendant and Counter Claimant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff/Counter Defendant Well Master Corporation's ("Well Master's") **Motion to Exclude Amendments from Defendant's Final Invalidity Contentions** [#268] (the "Motion"). Defendant/Counter Claimant Flowco Production Solutions, LLC ("Flowco") filed a Response [#269] in opposition to the Motion [#268] and Well Master filed a Reply [#275]. The Motion [#268] has been referred to the undersigned. *See Memorandum* [#270]. The Court has reviewed the briefs, the case file, and the applicable law. For the following reasons, the Court **RECOMMENDS**[1] that the Motion [#268] be **GRANTED**.

**I. Relevant Procedural History**

On August 9, 2021, Well Master filed suit against Flowco, alleging infringement of

---

[1] Although the Motion [#268] is not plainly dispositive in nature, out of an abundance of caution, this Court will proceed by Recommendation because Plaintiff seeks to preclude Defendant from pursuing certain defenses in this case, *See Health Grades, Inc. v. MDX Med., Inc.*, No. 11-cv-00520-PAB-BNB, 2012 WL 4351601, at *1 (D. Colo. Sept. 24, 2012).

three patents for plungers used in oil and gas lift systems: U.S. Patent No. 7,395,865 (the '865 patent), U.S. Patent No. 7,793,728 (the '728 patent), and U.S. Patent No. 8,627,892 (the '892 patent). *Compl.* [#1], ¶ 1.

Flowco served its Initial Invalidity Contentions on April 22, 2022. Flowco then twice attempted to supplement those Initial Invalidity Contentions on September 1, 2022, and October 13, 2023; Well Master then filed Motions to Exclude. [#127] ("First Motion to Exclude"), [#195] ("Second Motion to Exclude"). On March 26, 2024, the Court granted in part and denied in part the First Motion to Exclude [#127][2] and granted the Second Motion to Exclude [#195]. *Order* [#226]. The Court explained that a showing of good cause is required for amendments to invalidity contentions to avoid a "shifting sands approach to litigation," *id*. at 6, and held that Flowco had failed to establish good cause. *Id.* at 19. In addition, the Court set a deadline of April 21, 2024, for Flowco to formally move to supplement its invalidity contentions, should it wish to do so. *Id*. at 27.

The parties thereafter negotiated a stipulation, in which Flowco would limit further invalidity contention supplementations in exchange for Well Master's agreement to allow three additional charts asserting the prior-art status of Well Master's Sand Viper plunger. *Stipulation* [#234] ¶ 4. Specifically, Flowco would limit its invalidity contention supplementations "to adding the anticipation and obviousness grounds specifically identified in Exhibits 15, 32, and 33 to its proposed Second Supplemental Invalidity Contentions [#195] which had been served on October 13, 2023[.]" *Stipulation* [#234] ¶

---

[2] As a result, the following invalidity contentions based on anticipation were excluded: (1) those pertaining to Claims 9 and 13 of the '892 patent; (2) those pertaining to claims 7, 8, 10, 11, and 13-16 of the '865 patent; and (3) claims 4-6 and 12-14 of the '728 patent. *Order* [#226] at 17 n.15.

4. Flowco then filed its unopposed motion to supplement its invalidity contentions to add Exhibits 15, 32, and 33 to its Initial Invalidity Contentions. *Motion* [#248] ¶ 3, Sand Viper Claim Chart [#248-2] (Exhibit 15), Sand Viper + Davis + Gray Claim Chart [#248-3] (Exhibit 32), and Sand Viper + Chisolm Claim Chart [#248-4] (Exhibit 33).  The Court granted the motion. *Order* [#254].

Well Master now seeks to exclude what it contends are two improper amendments to Flowco's First Stage Final Invalidity Contentions. *See Motion* [#268] at 1. These were served on Well Master on October 24, 2024.  *Id*. at 3.

## II. Legal Standard

The District of Colorado's Local Patent Rules contemplate two sets of Invalidity Contentions. *XY, LLC v. Trans Ova Genetics,* LC, No. 17-cv-00944-WJM-NYW, 2018 WL 6791102, at *3 (D. Colo. Oct. 2, 2018). Early in the case, an initial set of invalidity contentions ("Initial Invalidity Contentions") is required. *Id*. (citing D.C.COLO.LPtR 4, 8 and D.C.COLO.LPtR Sched. Ord.). Then, after claim construction, a final set of invalidity contentions ("Final Invalidity Contentions") is served in response to a final set of the infringement contentions. *Id*. (citing D.C.COLO.LPtR 16). To amend contentions between the Initial and Final Invalidity Contentions, a party must provide a separate statement of good cause. *Id*. (citing D.C.COLO.LPtR 16(a)(3), 16(b)(3)). A party may move to exclude those amendments on the grounds that good cause for the amendment does not exist. *Id*. (citing D.C.COLO.LPtR 16(a)(4), 16(b)(4)). A party may not present at trial invalidity theories that are not properly disclosed. *Id*. (citing D.C.COLO.LPtR 16(b)(2); *Crocs., Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2015 WL 5171332, at *2 (D. Colo. Nov. 8, 2017)).

3

"Contentions are intended to ensure that parties 'crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach' to the case." *Id*. (quoting *Wyers Prods. Group, Inc. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2015 WL 3494718, at *2 (D. Colo. June 2, 2015)). In essence, contentions promote "efficient administration of justice" and "eliminat[e] unfair surprise." *Id*.

Local patent rules "are essentially a series of case management orders," *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006), and district courts have "wide discretion" to enforce them. *Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distrib., Inc.*, 674 F. Supp. 3d 781, 793 (C.D. Cal. 2023) (internal citations omitted). Courts, however, "are hesitant to strike contentions absent evidence of unreasonable delay and prejudice." *Va. Innovation Scis., Inc. v. Amazon.com, Inc.*, Nos. 4:18-cv-474, 4:18-cv-475, 4:18-cv-476, 2020 WL 1275786, at *2 (E.D. Tex. Mar. 17, 2020) (citation omitted); *see also Noco Co., Inc. v. SmarTech Prods., Inc.*, No. 1:18cv2780, 2020 WL 1890696, at *5 (N.D. Ohio Apr. 16, 2020) (denying motion to strike amended preliminary invalidity contentions in the absence of prejudice that would warrant such a "drastic remedy").

### III. Analysis

Well Master's Motion [#268] seeks to exclude two amendments in Flowco's First Stage Final Invalidity Contentions, dated October 24, 2024. *Motion* [#268] at 3. One amendment concerns the contemporaneous invention doctrine theory, and the other amendment concerns purportedly new citation of references and, relatedly, a new invalidity contention based on those references. *Id*. at 4. The Court addresses each, in

turn, below.

A.     **Contemporaneous Invention Doctrine Theory**

First, Well Master contends that Flowco has improperly attempted to renew its assertion of contemporaneous invention doctrine theory—previously contained in the Second Supplemental Invalidity Contentions—which the District Judge excluded on March 26, 2024. *Id*. at 4 (citing *Order* [#226]). This argument requires the Court to delve into the District Judge's Order which excluded Flowco's Second Supplemental Invalidity Contentions, the content of those contentions, and what the Court's Local Rules require for those contentions.

Local Patent Rule 8(b) requires Invalidity Contentions to include claim charts that are "specific" and contain various information about prior art, including how each item qualifies as prior art, how each item of prior art anticipates the asserted claim, and how each item or combination of items of prior art renders the asserted claims obvious. D.C.COLO.LPtR 8(b)(1)-(3). However, case law has established that "evidence of contemporaneous inventions or developments is not prior art," even though it may be used to support an argument of invalidity for obviousness. *Multimedia Patent Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868250, at *2 n.4 (S.D. Cal. Nov. 5, 2012) (citing *Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 884 (Fed. Cir. 1998) and collecting other cases). Nevertheless, Local Patent Rule 8(b) also requires Invalidity Contention charts to include "[a] statement explaining any other grounds of invalidity of any asserted claims." D.C.COLO.LPtR 8(b)(4).

Flowco's Second Supplemental Invalidity Contentions [#195-34] did as Local Rule 8(b)(4) requires. Specifically, the Second Supplemental Invalidity Contentions contained

5

the following statement: "Further, to the extent any reference cited herein does not qualify as prior art under 35 U.S.C. § 102 and/or § 103, Flowco reserves the right to rely on said reference as evidence of a contemporaneous invention, supporting a finding of obviousness. *See Monarch Knitting Mach. Corp. v. Sulzer Morat GmbH*, 139 F.3d 877, 883-84 (Fed. Cir. 1998)." *Second Suppl. Invalidity Contention* [#195-34] at 13.

However, the District Judge's Order [#226] excluding Flowco's Second Supplemental Invalidity Contentions was not just limited to prior art. That Order struck the *entirety* of Flowco's Second Supplemental Invalidity Contentions—including the asserted contemporaneous invention theory. *See Order* [#226] at 19 ("[T]his Court GRANTS Well Master's Motion to Exclude Defendant's Second Supplemental Invalidity Contentions [#195]). In light of that Order, Flowco improperly attempts to resurrect that theory without establishing good cause. Unexplained and opaque references to "Well Master's belated attempts to 'supplement' its discovery," *Response* [#269] at 7, are not good cause.

Accordingly, the Court **recommends** that the Motion [#268] be granted to the extent it seeks to exclude Flowco's renewed assertion of a contemporaneous invention doctrine theory.

B.   **Newly Identified Prior Art**

Second, Well Master seeks to exclude two previously unidentified references: a 1982 article authored by Gerald White ("White"), and a 1994 article authored by J. Chacin, et al. ("Chacin"), which it contends Flowco intends to use to show "that the claimed elements of the '892 Patent are not novel based upon the White and Chacin references." *See Motion* [#268] at 4, 7; *see also Response* [#269] at 3. In support, Well Master argues that, given the age of the references, "[h]ad Flowco exercised diligence, it could have

6

identified these two references and included its new invalidity theories based on these references by April 22, 2022," when it served its Initial Invalidity Contentions. *Motion* [#268] at 7.

In response, Flowco asserts that it has not disclosed the White and Chacin references as "prior art that anticipates or renders each claim obvious"; rather, it has disclosed those references as "background reference[s] as evidence of the general state of the knowledge of the art." *Response* [#269] at 4, 6 (citation omitted). In other words, Flowco relies on White and Chacin to show what persons of ordinary skill in the art (POSITAs) knew and intends to extrapolate that knowledge to show that "a [POSITA] will be able to fit the teachings of multiple patents together like the pieces of the puzzle" to render the claimed invention obvious. *Id*. at 5 (citing *Flowco's First State Final Invalidity Contentions* [#268][3] at 20)). To distinguish the White and Chacin references from what would otherwise be untimely disclosure of prior art without good cause, Flowco relies upon *Ariosa Diagnostics v. Veninata Health Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015). *See Response* [#269] at 6-7. There, the Federal Circuit found that, because "[a]rt can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art identified as producing obviousness," the Patent Trial and Appeal Board improperly disregarded a brochure that "had not been identified at the petition stage" as a "piece[] of prior art defining a combination for obviousness." *Ariosa*, 805 F.3d at 1365.

---

[3] Flowco's First Stage Final Invalidity Contentions was filed as Appendix A to Well Master's Motion [#268]. *See* [#268] at 9-23.

*Ariosa* is unpersuasive when applied here. No matter how Flowco spins it, no dispute exists that Flowco intends to use White and Chacin to support its obviousness argument. Therefore, irrespective of whether White and Chacin are prior art or mere background to show that the invention was not novel, Local Patent Rule 8 required their disclosure in the Initial Invalidity Contentions; any subsequent amendment required good cause. See, *e.g.*, D.C.COLO.LPtR 8(b)(4) (requiring the Invalidity Contention chart to include "[a] statement explaining *any other grounds* of invalidity of any asserted claims.") (emphasis added). Here, Flowco has not demonstrated good cause for the amendment. And, given the age of these references, Flowco appears unlikely to establish good cause in any subsequent attempt to amend.

Accordingly, the Court **recommends** that the Motion [#268] be granted to the extent it seeks to exclude Flowco's White and Chacin references.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#268] be **GRANTED**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d

1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: July 24, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge